# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3865

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal From the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Michael Nelson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 14, 2006
Filed: July 12, 2006

_____

Before SMITH, HEANEY, and GRUENDER, Circuit Judges

_____

HEANEY, Circuit Judge.

Michael Nelson appeals the district court's[1] imposition of a twenty-four month sentence of imprisonment following Nelson's violation of terms of his supervised release. We affirm.

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

# BACKGROUND

Nelson originally pled guilty to the offense of conspiracy to manufacture marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Although Nelson was subject to a five-year mandatory minimum sentence,[2] he received a sentence of twenty-four months based on his substantial assistance to the government,[3] to be followed by four years of supervised release.

On June 30, 2005, the probation office filed a petition to revoke Nelson's supervised release. The petition alleged that Nelson had tested positive for controlled substances on four separate occasions from August 4, 2004 to June 17, 2005. It further stated that Nelson was offered treatment after his first positive test, but declined any assistance. According to the petition, a search of Nelson's dwelling uncovered approximately thirty urine test kits.

At the revocation hearing, Nelson admitted that he had possessed and used marijuana and cocaine, in violation of his supervised release. All parties agreed that Nelson's advisory guidelines range was four to ten months of imprisonment, with a maximum sentence of thirty-six months of imprisonment. See USSG § 7B1.4, p.s. (advisory sentencing table); 18 U.S.C. §§ 3583(e)(3), 3559(a)(2) (setting maximum sentence for supervised release violations at three years of imprisonment for Class B felonies). The district court considered Nelson's numerous letters of support, his attorney's request that the court consider continuing the hearing so that Nelson could receive treatment, and Nelson's own eloquent statement. Nonetheless, the court determined that, due primarily to Nelson's lengthy history of drug abuse as well as the relatively lenient sentence he originally received, a sentence of twenty-four months

---

[2]See 21 U.S.C. § 841(b)(1)(B)(vii).

[3]See 18 U.S.C. § 3553(e), USSG § 5K1.1.

of imprisonment, with no supervised release to follow, was appropriate. Nelson appeals.

## ANALYSIS

Chapter 7 of the United States Sentencing Guidelines sets forth advisory policy statements related to the revocation of supervised release. See generally USSG § 7B. This section of the guidelines includes a suggested range of punishment, which varies based on the type of offense and criminal history of the offender. USSG § 7B1.4. This sentencing range is advisory. United States v. Edwards, 400 F.3d 591, 592-93 (8th Cir. 2005) (per curiam). In fashioning an appropriate revocation sentence, the district court is to consider the sentencing range, but also "must take into account certain of the factors listed in 18 U.S.C. § 3553(a), including the statutory goals of deterrence, incapacitation, and rehabilitation; the pertinent circumstances of the individual case; applicable policy statements; sentencing uniformity; and restitution." United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005) (citations omitted). We review the sentence imposed to determine whether it is unreasonable in relation to the above-stated factors. United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam).

We are satisfied that the sentence imposed here is not unreasonable. Nelson complains that he would have been better served through an inpatient treatment facility than through incarceration. The district court, which benefitted from sentencing Nelson originally, determined that Nelson's long history of drug use made it unlikely that he would respond to inpatient treatment. The court thus considered whether treatment would further the goal of rehabilitation, and concluded it would not, at least in the manner that Nelson suggested.

At the sentencing hearing, the district court made clear that the sentence imposed was necessary to further the goals of deterrence and incapacitation. Although

this was technically Nelson's first revocation hearing, the court was presented with four violations. Moreover, the unobjected-to petition and supplemental presentence report stated that Nelson had previously submitted a cold urine sample, and a search of his residence revealed approximately thirty urine test kits. This suggests that Nelson's actual violations were more far reaching than his four positive test results, and supports the view that a sentence higher than the guidelines suggested was necessary to deter and incapacitate this offender.

Finally, the district court noted that Nelson had benefitted from a relatively lenient sentence initially. Nelson was subject to a five-year mandatory minimum sentence, but received only twenty-four months of imprisonment due to his substantial assistance. This obviously weighed into the court's determination of sentence at the revocation hearing. (See Tr. of Supervised Release Hr'g at 17 ("I gave you a real break when I sentenced you to two years' incarceration. In retrospect, I probably should have given you five years because I knew you were highly involved in the use of drugs and you were really involved in the manufacture of drugs.").) The guidelines themselves entertain this circumstance, and provide strong support for the district court's sentence. USSG § 7B1.4, comment. (n.4) ("Where the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), . . . an upward departure may be warranted."). Nelson's original sentence was well below the statutory mandate; indeed, even when combined with his current revocation sentence, he will serve a total of forty-eight months instead of the five years the statute required.

**CONCLUSION**

Nelson appeals a revocation sentence that exceeded the range recommended by the guidelines. Because the imposition of that sentence was within the district court's discretion, we affirm.[4]

_____

[4]Nelson also seeks to strike a letter submitted by the government in support of its appellate position. The motion is granted; the letter is not a part of the district court record on appeal, and we thus did not consider it in reaching our decision. Fed. R. App. P. 10; Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 473-74 (8th Cir. 2004).