# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2100

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Stuart Wayne Reithemeyer, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 13, 2006
Filed: November 22, 2006

_____

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury convicted Stuart Wayne Reithemeyer on four counts of wiretapping and acquitted him on counts of murder-for-hire and soliciting another to commit a crime of violence. The district court[1] determined the advisory sentencing guidelines range to be six to twelve months, and, based on the testimony of the defendant at trial, applied the provisions of 18 U.S.C. § 3553(a) to impose a sentence of thirty-six months. We affirm.

_____

[1] The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

In April 2005, Michael Lewis contacted the Federal Bureau of Investigation in Missouri and said that Reithemeyer had solicited him to kill Reithemeyer's wife, Elizabeth. The two were in the midst of divorce proceedings. Lewis had traveled to Arkansas to meet with Reithemeyer and discuss conducting some surveillance of Elizabeth Reithemeyer; at the end of the conversation, Lewis said, Reithemeyer instead asked him to kill Elizabeth Reithemeyer, and later repeated this request several times over the phone. This prompted Lewis to contact the FBI, and he agreed to cooperate in a joint investigation by the FBI and the Arkansas State Police.

Reithemeyer made several calls to Lewis, which Lewis recorded. Reithemeyer urged Lewis to work quickly, as the couple had a divorce hearing scheduled for early May. Lewis testified Reithemeyer agreed to pay him $650 to purchase the weapon he would use to kill Elizabeth Reithemeyer. Reithemeyer met Lewis in Arkansas, gave him an envelope containing $650 in cash, walked away without a word, and was promptly arrested by the Arkansas State Police and charged with a state crime.

A federal grand jury in the Eastern District of Arkansas indicted Reithemeyer on July 13, 2005, for causing another person to travel in interstate commerce with the intent that a murder be committed, in violation of 18 U.S.C. § 1958. In September, the government superceded the indictment, modifying the date of the original offense and adding one charge of soliciting another to commit a crime of violence and four charges of illegally wiretapping telephone conversations between Elizabeth Reithemeyer and others. The district court denied Reithemeyer's motion to sever the four wiretapping counts.

At trial, Reithemeyer testified he was not contracting with Lewis to kill his wife, he was merely contracting with Lewis to plant drugs in her car so she would be convicted and imprisoned "for a short term" on drug charges. He testified that his motivation was to gain the upper hand in the custody battle for the couple's children. The jury acquitted Reithemeyer of murder-for-hire and soliciting a crime of violence,

and convicted him on the wiretapping charges. After the jury reached its verdict, Reithemeyer filed a motion for a new trial, or, alternatively, a judgment of acquittal.

Reithemeyer appeals based on trial delays, the district court's failure to sever certain counts, the denial of his motion for a new trial/judgment of acquittal, and the district court's upward variance in sentencing Reithemeyer.

Reithemeyer's motion for a new trial/judgment of acquittal was based on four tapes of telephone calls that had been admitted into evidence by stipulation, and which apparently contained conversations Reithemeyer had intercepted beyond those involving Elizabeth Reithemeyer. Reithemeyer moved to admit an affidavit from a juror suggesting the jury based its verdict on those conversations. The district court barred the affidavit under Fed. R. Evid. 606(b) (a juror may testify only "on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror").

Because the tapes were admitted by stipulation, the argument that their contents could constitute extraneous or improper information before the jury must fail. United States v. Rodriquez, 116 F.3d 1225, 1227 (8th Cir. 1997) ("Extrinsic or extraneous influences include publicity received and discussed in the jury room, matters considered by the jury but *not* admitted into evidence, and communications or other contact between jurors and outside persons." (internal quotations removed) (emphasis added)).

As to the sentence, the issue is whether extraordinary circumstances exist in this case justifying an upward variance from the advisory sentencing guidelines. The court sentenced Reithemeyer to thirty-six months in prison – twenty-four months above the upper end of the guideline range. The statutory maximum sentence for wire interception is sixty months. 18 U.S.C. § 2511(4)(a).

On appeal, we review the district court's interpretation and application of the guidelines de novo and any departure from the guideline range for an abuse of discretion. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). If we conclude the guidelines were properly employed, we next "review [the] sentence for unreasonableness, guided by the sentencing factors listed in 18 U.S.C. § 3553(a)." United States v. Pizano, 403 F.3d 991, 995 (8th Cir. 2005).

The district court explained orally at sentencing and in a supplementary opinion that the conduct Reithemeyer admitted during his trial testimony implicated a number of § 3553(a) factors necessitating a sentence above the guideline range. In particular, the district court cited the need to protect the public, promote respect for the law, and afford adequate deterrence.

The non-guidelines sentence imposed by the district court represents a significant upward deviation from the guideline sentencing range. Nevertheless, our review of the record satisfies us the district court carefully evaluated the § 3553(a) factors, and after applying them to the facts of this case, arrived at an appropriate sentence.

We have reviewed the appellant's other arguments and find them without merit. As to those issues, we summarily affirm the district court under 8th Cir. R. 47B.

_____

-4-