# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 06-2939

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| Orville Red Feather, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 8, 2007
Filed: March 13, 2007

_____

Before COLLOTON and GRUENDER, Circuit Judges, and GOLDBERG,[1]  Judge.

_____

GOLDBERG, Judge.

Appellant Orville Red Feather ("Red Feather") appeals from his sentence of 30 months of imprisonment.  For the reasons that follow, we affirm.

I.

In July 1994, Red Feather pleaded guilty to aggravated sexual abuse in violation of 18 U.S.C. § 2241(c) for sexually assaulting a four-year-old girl.  The district court

_____

[1] The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

sentenced him to 135 months of imprisonment and four years of supervised release. The applicable guideline range was 135 to 168 months of imprisonment. After serving his time in prison, Red Feather began his term of supervised release in July 2004, and was placed in a community facility in Rapid City, South Dakota. The government filed a petition to revoke Red Feather's supervised release later that year after he absconded from the facility with two women. The government rescinded that petition after the state dismissed charges relating to the escape. On one occasion in December 2004, he tested positive for marijuana and cocaine.

Later, in March 2005, he was transferred to another facility for poor attendance and lack of participation in sex offender treatment. He was terminated from the second facility for falling asleep during treatment sessions and for inappropriate conduct with female clients. As a result, his supervised release was revoked on June 1, 2005, and he was sentenced to 12 months in custody followed by 30 months of supervised release. After release from custody on February 1, 2006, Red Feather was placed again in the Rapid City community facility. The doctor in charge of the Rapid City treatment program terminated Red Feather's participation in the program when he suspected Red Feather of violating the confidentiality of group participants by sharing discussion details with facility residents not participating in the program. He then was admitted to another sex offender treatment program outside the Rapid City facility. On June 10, 2006, he tested positive for alcohol consumption. Four days later, he was terminated from the program, which violated the terms of his supervised release. The government filed a petition to revoke the supervised release that same day.

At the revocation hearing, the district court[2] determined the applicable revocation range was 5 to 11 months. The government asked for an upward variance

---

[2] The Honorable Richard H. Battey, Senior United States District Judge for the District of South Dakota.

from the revocation range.  The district court then sentenced Red Feather to 30 months of imprisonment with no term of supervised release to follow.  At the hearing, the district judge explained his decision as follows:

> The Court is to consider the sentencing range, but also take into account certain factors listed in 18 United States Code section 3553(a) which includes a statutory goal of deterrence, incapacitation, and rehabilitation, the pertinent circumstances of the individual case, the applicable policy statements, sentence uniformity, and, if necessary, restitution. . . .  The Court finds that the sentence to be imposed is necessary to further the goals of deterrence.  The Court is not convinced that the defendant has rehabilitated nor can he be rehabilitated under the existence of supervised release if reinstituted.  [Red Feather]'s continued to display the same pattern of selfish, immature, and belligerent behavior as he did prior to being revoked last year.  He continues to disregard the conditions of the Court and of those in authority . . . .  He has continued to manipulate those around him to satisfy his wants and has no desire to stop abusing substances which adds credence to the fact that he will go to any means to attain some type of hallucinogenic effect.  This is particularly important since he was intoxicated when he admitted both previous sexual assaults.[3]

On appeal, Red Feather argues that the district judge erred on two accounts: first, the sentence represents an extraordinary variance without extraordinary justifying circumstances and therefore is unreasonable; and second, the sentence is greater than is necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

II.

Congress has given district courts the authority to revoke supervised release and "require the defendant to serve in prison all or part of the term of supervised release

---

[3] The Court presumes that the district court meant to say that Red Feather was intoxicated when he *committed* both previous assaults.  The record evidence indicates his intoxication at the time of the felonies' commission, and not the time of their admission.

authorized by the statute for the offense that resulted in such term of supervised release . . . ." 18 U.S.C. § 3583(e)(3) (2000). "In fashioning an appropriate revocation sentence, the district court is to consider the sentencing range, but also 'must take into account certain of the factors listed in 18 U.S.C. § 3553(a), including the statutory goals of deterrence, incapacitation, and rehabilitation; the pertinent circumstances of the individual case; applicable policy statements; sentencing uniformity; and restitution.'" *United States v. Nelson*, 453 F.3d 1004, 1006 (8th Cir. 2006) (quoting *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005)); *see also* 18 U.S.C. § 3583(e) (Supp. II 2002). Sentences imposed following revocation of supervised release are subject to appellate review for reasonableness. *See United States v. Larison*, 432 F.3d 921, 922 (8th Cir. 2006); *United States v. Tyson*, 413 F.3d 824, 825 (8th Cir. 2006). The reasonableness of the sentence is to be gauged in relation to the relevant § 3553(a) factors listed above. *See Nelson*, 453 F.3d at 1006.

A.     *An "Extraordinary Variance" Must Be Supported by "Extraordinary Circumstances"*

Red Feather's first argument is that his extraordinary variance was based on quite ordinary violations of his supervised release conditions. We have held in the past that "an extraordinary variance must be supported by extraordinary circumstances . . . ." *United States v. Lyons*, 450 F.3d 834, 837 (8th Cir. 2006); *see also United States v. Dalton*, 404 F.3d 1029, 1033 (8th Cir. 2005). Red Feather makes much of the fact that the 30 month sentence imposed amounted to 272 percent of the upper end of the revocation range. Such an upward variance almost certainly is "extraordinary" under our precedents. *See, e.g.*, *United States v. Reithemeyer*, 2006 U.S. App. LEXIS 29100, *5-*6 (8th Cir. Nov. 22, 2006) (upward variance from 12 months to 36 months deemed extraordinary); *United States v. Beal*, 463 F.3d 834, 836 (8th Cir. 2006) (downward departure from 188 months to 104 months deemed extraordinary); *United States v. Likens*, 464 F.3d 823, 825-26 (8th Cir. 2006) (100 percent downward variance deemed extraordinary); *Dalton*, 404 F.3d at 1030 (downward departure from

240 months to 60 months is extraordinary). Red Feather's sentence, then, was reasonable only if there existed extraordinary circumstances for varying so drastically from the revocation range.

When modifying or revoking supervised release, a district court is to consider, inter alia, the possibility that a defendant's violations of his supervised release conditions will place others in danger, and the possibility of correctional treatment. See 18 U.S.C. §§ 3553(a)(2)(C)-(D) & 3583(e) (2000). Red Feather claims that the alcohol consumption that resulted in his termination from the program is by no means an extraordinary circumstance. In many cases, that may be unassailably true. However, cast against the background of Red Feather's criminal history and substance abuse problem, the alcohol consumption presents an extraordinary threat to the community. Red Feather is a two-time sex offender. When he was 17 years old, he committed a violent rape. Within a year of being released from state custody for that juvenile rape conviction, he sexually abused a 4-year-old girl. Most importantly, in both cases Red Feather claimed he was so drunk he could barely remember the crimes. His past behavior reflects a correlation of alcohol abuse and egregious sexual misconduct and violence.

In addition to the protection of the public, the district court was concerned with Red Feather's lack of progress in sex offender treatment, and concluded that supervised rehabilitation was unlikely. At the hearing, the court mentioned the prior revocation of supervised release, Red Feather's alcohol consumption, his lax participation in sex offender treatment, as well as the alleged confidentiality breach as evidence that Red Feather appeared unwilling or unable to take advantage of the opportunities his probation officer and the supervised release program offered him.

In the *Nelson* case, we affirmed a district court's revocation of supervised release and imposition of a 24-month sentence despite a revocation range of 4 to 10 months. *See* 453 F.3d at 1006-07. The defendant, who had been convicted of

conspiracy to manufacture marijuana, had failed four drug tests during his supervised release. *Id.* at 1005. In imposing the 24-month sentence, the district court mentioned that the defendant's long history of drug abuse made treatment unlikely to succeed. *See id.* at 1006. In addition, the court made clear that the longer sentence was necessary to further the goals of deterrence and incapacitation stressed in 18 U.S.C. §§ 3553(a) and 3583(e). *See id.*

Red Feather, much like Nelson, has refused to rehabilitate while subject to supervised release. Though the upward variance in this case exceeds the variance in *Nelson* (272 percent versus 240 percent), Red Feather's inability to curb his alcohol consumption constitutes a much more serious threat than the violation charged in *Nelson*. Red Feather's continued substance abuse, along with his unwillingness to benefit from the sex offender treatment, constitute a grave threat to the community and an unlikely case for rehabilitation. The district court was within its discretion to sentence Red Feather to 30 months of imprisonment.

B.      *"Sufficient, But Not Greater Than Necessary"*

Red Feather's second argument is that his 30-month sentence is greater than necessary to achieve the statutory purposes of sentencing and should be reversed. 18 U.S.C. § 3553(a) does indeed require any sentence imposed to be "sufficient, but not greater than necessary" to achieve the relevant statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2000). In the case of revocation of supervised release, the relevant purposes are set forth in 18 U.S.C. § 3553(a)(2)(B)-(D). *See id.* § 3583(e). Those factors include affording adequate deterrence to criminal conduct, the protection of the public from further crimes, and the provision of rehabilitative and medical treatment.

Specifically, he contends that the 30-month sentence is greater than necessary to protect the public and provide adequate rehabilitation. *See* App.'s Br. 13-14.[4] As noted above, the district court was concerned with the protection of the public and Red Feather's demonstrated inability to rehabilitate while subject to supervised release. The 30-month sentence is reasonable accommodation of the district court's obligation to impose a sentence that is sufficient, but not greater than necessary, to provide adequate protection of the public and rehabilitation of the defendant.

III.

For the reasons stated, we affirm Red Feather's sentence.

---

[4] Red Feather also argues that the "nature and circumstances of his case, along with his personal history and characteristics, demonstrated the need for continued, perhaps closer, supervision instead of merely warehousing [him] back in prison." App.'s Br. 13. This argument is inapposite in the context of the sufficient-but-not-greater-than-necessary clause. It is true that a district court must "consider" those factors when sentencing a defendant, *see* 18 U.S.C. § 3553(a)(1), but the sufficient-but-not-greater-than-necessary clause only applies to the sentencing goals enumerated in subsection (a)(2).