# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2937

———————

United States of America,

    Appellee,

  v.

Antonio Watkins,

    Appellant.

\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Northern District of Iowa.
\*
\* [UNPUBLISHED]
\*

———————

Submitted: October 23, 2008
Filed: October 30, 2008

———————

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

 Antonio Watkins appeals the sentence the district court[1] imposed upon revoking his supervised release. After carefully reviewing the record and counsel's brief, we affirm.

 We first conclude that Watkins's sentence is not unreasonable because it was within the properly calculated advisory Guidelines range and it resulted from the court's consideration of appropriate factors under 18 U.S.C. § 3553(a). See United

———————

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

States v. Nelson, 453 F.3d 1004, 1006 (8th Cir. 2006) (appellate court reviews revocation sentence to determine whether it is unreasonable in relation to, inter alia, advisory Guidelines range and § 3553(a) factors); United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)).

We further conclude that the court did not abuse its discretion in ordering that Watkins's revocation sentence run consecutively to his state sentences. See United States v. Cotroneo, 89 F.3d 510, 512 (8th Cir. 1996) (decision to impose consecutive or concurrent sentence upon revocation of supervised release is committed to court's sound discretion); see also U.S.S.G. § 7B1.3(f) (term of imprisonment imposed upon revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment defendant is serving).

Finally, we conclude that the district court did nothing improper in declining to recommend Watkins's placement in a medical facility. See 18 U.S.C. § 3621(b) (Bureau of Prisons shall designate place of prisoner's imprisonment).

Accordingly, we affirm.

_____