# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-3051

———————

United States of America,            *
                                *

        Appellee,          *
                                *   Appeal from the United States
    v.                   *   District Court for the
                                *   Southern District of Iowa.

Paul David Hansen,         *
                                *     [UNPUBLISHED]
        Appellant.       *

———————

Submitted: February 3, 2009
Filed: February 6, 2009

———————

Before RILEY, SMITH, and BENTON, Circuit Judges.

———————

PER CURIAM.

Paul Hansen (Hansen) appeals the sentence the district court[1] imposed upon revoking his supervised release. On appeal, Hansen argues the district court erred in finding Hansen violated his supervised release conditions, and Hansen also argues his sentence is unreasonable. After carefully reviewing the record, we affirm.

We conclude the district court did not clearly err in finding by a preponderance of the evidence Hansen violated the conditions of his supervised release. See United

———————

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) (holding the government must prove by a preponderance of evidence that the defendant violated a supervised release condition; the district court's finding that a violation occurred is reviewed for clear error; the district court did not clearly err in concluding the defendant violated a condition of supervised release by committing an assault, where the court found the victim's testimony credible and the defendant's testimony not credible; and the district court's witness credibility determinations are virtually unreviewable on appeal).

We further conclude Hansen's sentence is not unreasonable, see United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (standard of review of revocation sentences), because the sentence is within the statutory limit of 18 U.S.C. § 3583(e)(3), and resulted from the district court's consideration of appropriate factors under 18 U.S.C. § 3553(a), see United States v. Nelson, 453 F.3d 1004, 1006 (8th Cir. 2006) (explaining the appellate court reviews a revocation sentence to determine whether it was unreasonable in relation to, inter alia, certain § 3553(a) factors).

We grant counsel's motion to withdraw, deny as moot Hansen's motion to expedite his appeal, and affirm the judgment.

_____