# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3370

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Melvin Lawrence Taylor, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 7, 2009
Filed: April 10, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges

_____

PER CURIAM.

In this direct criminal appeal, Melvin Taylor challenges as unreasonable the 20-month prison term that the district court[1] imposed after revoking his supervised release. We affirm.

Upon careful review of the record, we conclude that the district court did not abuse its discretion in sentencing Taylor to 20 months in prison. See United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008) (revocation sentence within bounds

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

of 18 U.S.C. § 3583(e) is reviewed for abuse of discretion). First, the prison term was below the statutory maximum of 2 years, see 18 U.S.C. §§ 924(a)(2) (maximum prison term for felon in possession is 10 years), 3559(a)(3) (felony is Class C if maximum term of imprisonment is less than 25 years but 10 or more years), 3583(e)(3) (for Class C felony, maximum term of imprisonment upon revocation of supervised release is 2 years), and the total sentence, including the supervised-release term, did not exceed the statutory maximum of 3 years, see 18 U.S.C. § 3583(b)(2) (maximum term of supervised release for Class C felony is 3 years), 3583(h) (length of supervised-release term imposed upon revocation may not exceed term of supervised release authorized for underlying offense, less any term of imprisonment imposed upon revocation).

Second, the sentence resulted from the court's consideration of proper factors under 18 U.S.C. § 3553(a), including Taylor's criminal history and multiple supervised-release violations, his history of alcohol abuse, and the potential benefit of his anticipated participation in the 500-hour treatment program. See 18 U.S.C. §§ 3583(e) (specifying § 3553(a) factors courts must consider in revocation sentencing decision), 3553(a)(1) (nature and circumstances of offense and history and characteristics of defendant), 3553(a)(2)(C) (need for sentence imposed to protect public from further crimes of defendant), 3553(a)(2)(D) (need for sentence to provide treatment in most effective manner); United States v. Nelson, 453 F.3d 1004, 1006 (8th Cir. 2006) (appellate court reviews revocation sentence to determine whether it is unreasonable in relation to, inter alia, advisory Guidelines range and other applicable § 3553(a) factors).

Finally, we conclude that the revocation sentence is not unreasonable, even assuming it exceeded the applicable advisory Guidelines range. See Nelson, 453 F.3d at 1005-06 (revocation sentence of 24 months in prison without further supervision was not unreasonable despite advisory range of 4-10 months where district court considered defendant's commission of multiple supervised-release violations, need

for deterrence and incapacitation, and lengthy history of drug abuse making success in inpatient treatment unlikely); <u>United States v. Cotton</u>, 399 F.3d 913, 914-16 (8th Cir. 2005) (revocation sentence of 46 months in prison without further supervision was not unreasonable despite Guidelines range of 7-13 months where court considered defendant's receipt of substantial reduction of original sentence, repeated violations of supervised release, risk of new felonious conduct, and need for drug treatment best received in prison).

Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____