# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3755

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| Hubert Ruff, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: April 7, 2009
Filed: April 10, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Hubert Ruff appeals the sentence the district court[1] imposed after revoking his supervised release. He argues that the court abused its discretion by imposing a term of imprisonment that was unreasonable and excessive, and that the court made an error of judgment in balancing the factors under 18 U.S.C. § 3553(a).

After reviewing the record, we conclude that the district court did not abuse its discretion. First, the 18-month prison term imposed by the court was below the

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

relevant statutory maximum. <u>See</u> 18 U.S.C. § 3583(e)(3) (for Class A felony, maximum term of imprisonment upon revocation of supervised release is 5 years). Second, the district court appropriately considered factors under 18 U.S.C. § 3553(a), including the applicable advisory Guidelines range. <u>See</u> <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007) (review standard); <u>United States v. Miller</u>, 557 F.3d 910, 915-16 (8th Cir. 2009) (court reviews district court's revocation sentencing decision using same standards applied to initial sentencing decisions); <u>United States v. Nelson</u>, 453 F.3d 1004, 1006 (8th Cir. 2006) (appellate court reviews revocation sentence to determine whether it is unreasonable in relation to, inter alia, advisory Guidelines range and other § 3553(a) factors); <u>see also</u> <u>United States v. Todd</u>, 521 F.3d 891, 897 (8th Cir. 2008) (in imposing sentence, district court need not mechanically recite § 3553(a) factors, especially when applying advisory Guidelines range). Third, Ruff's sentence within the advisory range is presumptively reasonable, <u>see</u> <u>United States v. Perkins</u>, 526 F.3d 1107, 1110 (8th Cir. 2008), and we see no strong reasons that required a non-guidelines sentence.

Accordingly, we affirm.

_____