# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 09-1183/1815

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Randy Lee Vanhorn, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 16, 2009
Filed:  June 22, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Randy Lee Vanhorn appeals the sentence the district court[1] imposed after revoking his supervised release and the court's denial of his post-judgment motions. Vanhorn has also filed a "motion to stay direct appeal and remand case to district court for further findings of fact and resolving outstanding issues." Upon review, we conclude that Vanhorn's revocation sentence of 18 months in prison and 1 year of supervised release is not unreasonable. See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

in accordance with <u>United States v. Booker</u>, 543 U.S. 220 (2005)). First, the 18-month prison term did not exceed the statutory maximum authorized for Vanhorn's underlying Class C felony, <u>see</u> 18 U.S.C. § 3583(e)(3) (upon revocation, maximum time defendant may be required to serve in prison is 2 years if offense that resulted in term of supervised release is Class C or D felony), and the total revocation sentence, including the supervised-release term, did not exceed the statutory maximum of 3 years, <u>see</u> 18 U.S.C. § 3583(b)(2) (authorized term of supervised release for Class C felony is 3 years), (h) (revocation sentence may include imprisonment and additional supervised release; however, additional supervised release term may not exceed supervised release term authorized by statute for offense resulting in original supervised release, less any revocation prison term). Second, the revocation sentence resulted from the district court's consideration of proper 18 U.S.C. § 3553(a) factors. <u>See</u> 18 U.S.C. § 3583(e) (specifying § 3553(a) factors courts must consider in revocation decision); <u>United States v. Nelson</u>, 453 F.3d 1004, 1006 (8th Cir. 2006) (appellate court reviews revocation sentence to determine whether it is unreasonable in relation to, inter alia, advisory Guidelines range and § 3553(a) factors).

We have carefully reviewed Vanhorn's pro se arguments, and conclude they are without merit and do not warrant discussion. We also conclude that the district court did not err in denying Vanhorn's post-judgment motions. Accordingly, we affirm the judgment of the district court, we deny Vanhorn's motion, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____