# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3281
_____

United States of America

*Plaintiff - Appellee*

v.

Randy McMullen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 23, 2019
Filed: November 4, 2019
[Unpublished]

_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Randy McMullen pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to 90

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

months in prison and three years of supervised release. Less than two months into his supervised release, McMullen violated his terms. The district court revoked his supervision and sentenced him to 24 months in prison, 12 months longer than the recommended range under Chapter 7 of the Sentencing Guidelines. McMullen argues that his sentence is substantively unreasonable.

McMullen started his supervised release on July 6, 2018. Six weeks later, the probation office alleged that he tested positive for PCP and cocaine metabolite, and McMullen agreed to the additional conditions of home detention and location monitoring. On August 28, the probation office claimed he again tested positive for PCP (as well as marijuana) and failed to comply with his employment, location monitoring, and home detention conditions. On September 27, the probation office alleged that one sweat patch had been compromised and McMullen had tested positive for PCP, methamphetamine, amphetamine, cocaine metabolite, and marijuana.

After McMullen admitted to the violations, the district court calculated a Guidelines range of six to twelve months. The court granted the Government's request to impose the maximum sentence of 24 months with no supervised release. The court agreed that McMullen "need[ed] some additional treatment, but I think that is going to best come while you are in custody." Revocation Hr'g Tr., D. Ct. Dkt. 52 at 9:14–16. The court considered McMullen's "history and the characteristics, the number and frequency of [his] violations, the variety of violations" and other sentencing factors. Id. at 9:10–14.

We "review the substantive reasonableness of a revocation sentence under a deferential abuse-of-discretion standard." United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009) (citation omitted). Although McMullen received an above-Guidelines sentence, we are satisfied that it is not unreasonable due to the multiple violations of the terms of supervised release and his drug use. The district court agreed that McMullen needed help with his substance abuse problems, but based on his record

-2-

on supervised release it determined that he would not benefit from continued supervision. Additionally, the district court's above-Guidelines sentence is consistent with other revocation sentences we have previously approved. United States v. Nelson, 453 F.3d 1004, 1005–06 (8th Cir. 2006) (approving sentence 14 months above Guidelines range for numerous controlled substance violations); United States v. Cotton, 399 F.3d 913, 915–16 (8th Cir. 2005) (approving sentence 33 months above Guidelines range for numerous violations and need for drug treatment in prison); see also United States v. Thunder, 553 F.3d 605, 608–09 (8th Cir. 2009) (finding sentence 15 months above Guidelines range reasonable given defendant's repeated violations of supervised release).

McMullen's sentence is affirmed.

_____