**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George MARASAS, Defendant–
Appellant.**

**No. 02–3101.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 8, 2003.

Decided April 9, 2003.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

## ORDER

After George Marasas violated the conditions of his supervision for the second time, the district court revoked his supervised release and sentenced him to 12 months' incarceration followed by a new supervised release term of 24 months. Marasas' appointed counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that any appeal would be frivolous. Because Marasas declined our invitation to file a response, *see* Cir. R. 51(b), we confine our review to the potential issues raised in counsel's facially adequate brief. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that none of these issues provides a nonfrivolous ground for appeal and therefore grant counsel's motion and dismiss the appeal.

In 1997 Marasas pleaded guilty to bank fraud, 18 U.S.C. § 1344(1), and the district court sentenced him to 18 months' imprisonment and five years' supervised release. In addition, the court ordered Marasas to pay a $4,000 fine. Nearly two years into his supervised release term, Marasas' probation officer recommended that the district court revoke Marasas' release because he had failed to report to the probation office when requested and left the judicial district without permission. Marasas contested the probation officer's allegations. After a hearing, the district court found that Marasas indeed had violated the conditions of his supervision, but declined to revoke his release. Instead, the court modified those conditions to require that Marasas be gainfully employed, that he undergo a psychiatric assessment and treatment if necessary, that he reside at the Salvation Army for 10 months and participate in its work release program, and that he obtain his bachelor's degree.

The following year Marasas' probation officer again recommended that supervised release be revoked—this time because Marasas lied to the Salvation Army and to the officer about his employment, and stopped making payments toward his fine. Marasas admitted at his revocation hearing that he committed those violations, and the district court revoked his supervised release. The court went on to sentence

Marasas to a 12–month prison term followed by 24 months' supervised release with the conditions that Marasas pay his fine and participate in a counseling program for gambling addiction. The court also recommended to the Bureau of Prisons that Marasas be permitted to serve the last three months of his prison term at the Salvation Army.

■ In his *Anders* brief, counsel first considers whether Marasas could make a nonfrivolous argument that the district court erred in revoking his supervised release. Counsel correctly observes that having admitted that he violated the conditions of his release, Marasas could challenge the revocation only by arguing that he did not knowingly and voluntarily waive his rights under Federal Rule of Criminal Procedure 32.1 to contest the alleged violations. Under Rule 32.1, a defendant is entitled to a revocation hearing as well as written notice of the alleged violation; disclosure of the evidence against him; an opportunity to appear, present evidence, and question adverse witnesses; and notice of the right to be represented by counsel. Fed.R.Crim.P. 32.1(a)(2); *United States v. LeBlanc,* 175 F.3d 511, 515 (7th Cir.1999). We have held that a waiver of those rights must be knowing and voluntary. *LeBlanc,* 175 F.3d at 515. In determining whether a waiver is knowing and voluntary, we consider the "totality of the circumstances in which the waiver occurred." *Id.* at 517. Here, Marasas was provided with the probation officer's report detailing the alleged violations, and he reviewed that report with his attorney prior to the revocation hearing. At the hearing, the district court reviewed with Marasas the alleged violations and the supporting evidence, and, with his attorney present, Marasas responded that he understood the allegations and admitted that he committed the violations. The court

then permitted Marasas to present mitigating evidence. True, the district court did not specifically advise Marasas of his rights under Rule 32.1 if he wished to contest the alleged violations. But a formal colloquy like that required by Federal Rule of Criminal Procedure 11 is not required in revocation proceedings, *see id.,* and as counsel points out, Marasas undoubtedly was aware of the rights he was relinquishing by admitting guilt given his experience at the first revocation hearing. Nor has Marasas intimated that his admission was anything but knowing and voluntary. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). Under these circumstances it would be frivolous for Marasas to argue that he did not knowingly and voluntarily waive his rights under Rule 32.1.

■ Counsel next examines whether Marasas could challenge his post-revocation sentence as exceeding that authorized by statute or resulting from an incorrect application of the sentencing guidelines. In determining the sentence to be imposed upon revocation, a district court must consider the imprisonment range suggested by U.S.S.G. § 7B1.4(a), but "is thereafter free to impose a sentence outside the designated range, subject to the maximum sentence allowable under 18 U.S.C. § 3583(e)(3)." *United States v. Hale,* 107 F.3d 526, 529 (7th Cir.1997). The district court in this case considered the suggested range, determining that Marasas' conduct constituted a Grade C violation, U.S.S.G. § 7B1.1(a)(3), which when coupled with the criminal history category of V calculated at his original sentencing, yielded an imprisonment range of 7 to 13 months, U.S.S.G. § 7B1.4(a). Marasas' 12–month prison term fell within that range as well as the 3–year maximum allowed by § 3583(e)(3). Marasas' 24–month supervised release term, in turn, was authorized by 18 U.S.C.

§ 3583(h), which allowed the court to impose an additional supervised release term upon revocation so long as that term did not exceed the 5–year statutory maximum for Marasas' underlying offense of bank fraud, *see* § 3583(b)(1), less the 12–month prison term it already imposed.

■ Counsel also assesses whether Marasas could argue that the district court erred calculating the suggested imprisonment range under § 7B1.4 by assigning him a criminal history category of V rather than category I. In this regard counsel notes that at Marasas' original sentencing the court departed downward to category I pursuant to U.S.S.G. § 4A1.3, and could have done so upon revocation as well. *See* U.S.S.G. § 7B1.4, comment. (n.2) ("Departure from the applicable range of imprisonment in the Revocation Table may be warranted when the court departed from the applicable range for reasons set forth in § 4A1.3 (Adequacy of Criminal History Category) in originally imposing the sentence."). A Grade C violation, combined with a criminal history category of I, would have yielded a lesser range of 3 to 9 months' imprisonment. But Marasas did not make that argument in the district court, and thus would have to establish that plain error warrants reversal. *United States v. Marvin*, 135 F.3d 1129, 1135 (7th Cir.1998). An argument that the district court plainly erred here would be frivolous. Upon revocation the district court was not bound by its original decision to depart; the guideline range for the violation is based on the actual criminal history category calculated at the initial sentencing. *See* U.S.S.G. § 7B1.4, comment. (n.2); *United States v. LeBlanc*, 45 F.3d 192, 193 n. 1 (7th Cir.1995). Given that the district court imposed a prison term at the high end of the recommended range, it is unlikely that the court would have departed downward from that range.

*See United States v. Buckowich*, 243 F.3d 1081, 1083 (7th Cir.2001). In any case, unlike a guideline range for an offense of conviction, the policy statements set forth in Chapter 7, Part B, of the sentencing guidelines do not bind the district court. *See Marvin*, 135 F.3d at 1139. Pursuant to 18 U.S.C. § 3583(e)(3), the district court could have sentenced Marasas to up to 3 years in prison notwithstanding any recommended range under § 7B1.4.

Where, as here, the district court considered the appropriate range suggested by U.S.S.G. § 7B1.4(a), and imposed a sentence within statutory parameters, we would affirm the sentence unless it is "plainly unreasonable." *United States v. Huusko*, 275 F.3d 600, 602 (7th Cir.2001); *Hale*, 107 F.3d at 529. Nothing in the record suggests that Marasas' sentence was unreasonable, much less plainly so. The district court had extensive experience with Marasas, having presided over his bank fraud prosecution and both revocation proceedings. The court's comments at sentencing reflect that it considered the factors outlined in 18 U.S.C. § 3553(a). *See Hale*, 107 F.3d at 530. In particular, the court noted that Marasas had repeatedly lied about having complied with the conditions of his supervision. Thus, any argument that the court's sentencing decision was plainly unreasonable would be frivolous.

■ Finally, counsel considers whether Marasas could argue that his trial counsel was ineffective for failing to request the criminal history departure. We agree with counsel that such a claim, although unlikely to succeed for the reasons stated above, would depend on information concerning counsel's motivations that is not in the record and, thus, should not be brought on direct appeal. *United States v. Schuh*, 289 F.3d 968, 976 (7th Cir.2002); *United States v. Cruz–Velasco*, 224 F.3d

654, 664 (7th Cir.2000). Based upon our review of the record, we find no reason to disagree with counsel's assessment that any other ineffective assistance claims that Marasas might make on direct appeal would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Marasas' appeal.