**UNITED STATES of America,**
**Appellee,**

v.

**Darrell COLEMAN, Appellant.**

**No. 04–3377.**

United States Court of Appeals,
Eighth Circuit.

Submitted: March 14, 2005.

Filed: April 25, 2005.

Omar F. Greene, argued, Little Rock, AR, for appellant.

George C. Vena, Asst. U.S. Atty., Little Rock, AR, for appellee.

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit Judges.

PER CURIAM.

Darrell Coleman appeals the revocation by the district court [1] of his term of supervised release and the sentence of nine months that the court imposed upon him for violating the conditions of his release. We affirm.

Mr. Coleman challenges the district court's order only on constitutional grounds, arguing that the logic of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), renders the United States Sentencing Guidelines unconstitutional as well as his nine-month sentence. Although the Supreme Court did hold the Sentencing Reform Act unconstitutional after the appellant filed his brief, *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 758, 764–65, 160 L.Ed.2d 621 (2005), the Court did not discard the guidelines wholesale. Instead, it excised from the Sentencing Reform Act only those provisions that made application of the sentencing guidelines mandatory and thus were contrary to the sixth amendment. *Id.* at 764. Among the remaining provisions of the Sentencing Reform Act that the Court recognized as constitutionally valid was the supervised release statute, 18 U.S.C. § 3583. *Id.*

Indeed, the advisory sentencing guidelines scheme that *Booker* creates, *id.* at 750, 764–66, is precisely what prevailed before *Booker* with respect to fixing penalties for violating the kind of release conditions that Mr. Coleman violated by not obtaining employment. In such circum-

---

1. The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

 

stances, § 3583 leaves to the discretion of the district judge the decision to revoke a term of supervised release and impose imprisonment, provided the judge takes into account the relevant considerations set out in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e)(3); *see also* U.S.S.G. ch. 7, pt. A(1), A(2)(b), A(3)(a). Therefore Mr. Coleman's constitutional challenge fails.

Affirmed.