# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2893

_____

United States of America,      *
     *
          Appellee,      *
     *     Appeal from the United States
     v.      *     District Court for the Eastern
     *     District of Arkansas.
Ollie Brown, Jr.,      *
     *        [UNPUBLISHED]
          Appellant.      *

_____

Submitted: February 14, 2005
Filed: May 9, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ollie Brown, Jr., appeals the revocation by the district court[1] of his term of supervised release and the sentence of ten months' imprisonment that the court imposed upon him for violating the conditions of his release. We affirm.

Mr. Brown challenges the district court's order only on constitutional grounds, arguing that the logic of _Blakely v. Washington_, 124 S. Ct. 2531 (2004), renders

---

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

unconstitutional the United States Sentencing Guidelines, including its provisions regarding supervised release. Mr. Brown presses this argument under the assumption that the "guidelines created supervised release." But that assumption is incorrect. Supervised release finds its genesis in statute, not in the guidelines. *See* 18 U.S.C. § 3583.

After the appellant filed his brief, the Supreme Court indeed held the Sentencing Reform Act unconstitutional, but it did not discard the guidelines wholesale. *See United States v. Booker,* 125 S. Ct. 738, 758, 764-65 (2005). Instead, as we noted in *United States v. Coleman*, the Court "excised from the Sentencing Reform Act only those provisions that made application of the sentencing guidelines mandatory and thus were contrary to the sixth amendment. Among the remaining provisions of the Sentencing Reform Act that the Court recognized as constitutionally valid was the supervised release statute, 18 U.S.C. § 3583." *Coleman*, No. 04-3377, 2005 WL 937269, at *1 (8th Cir. Apr. 25, 2005) (citing *Booker,* 125 S. Ct. at 764). Mr. Brown, moreover, admitted the facts that provided the basis for the revocation of his supervised release. Mr. Brown's sixth amendment challenge therefore fails.

Affirmed.

_____