# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-3334

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri |
| | * | |
| Tydarryl Griffin, also known as | * | |
| Bull, | * | |
| | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 12, 2005
Filed:  July 8, 2005

_____

Before COLLOTON, McMILLIAN and BENTON, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Tydarryl Griffin (defendant) appeals from a final judgment entered in the United States District Court[1] for the Eastern District of Missouri sentencing him to

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

twenty-two months imprisonment upon revocation of his supervised release. United States v. Griffin, No. 4:97CR75 (Sept. 17, 2004) (judgment in a criminal case). For reversal, defendant argues that the revocation of his supervised release pursuant to the United States Sentencing Guidelines (guidelines) violated his constitutional rights under principles announced in Blakely v. Washington, 542 U.S. 296 (2004) (Blakely). We affirm.

Jurisdiction in the district court was proper based upon 18 U.S.C. § 3231. Jurisdiction on appeal is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b).

In the underlying criminal action, defendant was sentenced on October 23, 1998, to seventy-two month imprisonment and five years supervised release for possession of cocaine base with the intent to distribute. After completing his prison term, defendant was arrested in February 2004, while on supervised release. He was charged with, among other things, being a felon in possession of a weapon. The government moved for revocation of defendant's supervised release. Defendant waived his right to a preliminary hearing on the motion. A sentencing hearing was held on September 17, 2004. Defendant admitted that he had violated conditions of his supervised release, including possessing a firearm and associating with a person convicted of a felony without the permission of his probation officer. Defendant agreed that he had committed a Grade B violation and that his criminal history category was VI, resulting in a guidelines range of twenty-one to twenty-seven months imprisonment. The district court sentenced defendant to twenty-two months imprisonment. Defendant appealed.

On appeal, defendant argues that the federal sentencing guidelines are unconstitutional under principles announced in Blakely, and therefore his sentence is also unconstitutional because it is derived from the guidelines. Defendant filed his briefs on appeal before the Supreme Court's decision in United States v. Booker, 125

S. Ct. 738 (2005), which did apply the constitutional principles discussed in <u>Blakely</u> to the federal sentencing guidelines.

Defendant also concedes that the plain error standard applies because he did not raise his constitutional challenge in the district court. In order to prevail under the plain error standard, defendant must prove not only that a constitutional violation has occurred, but also that the error has seriously affected the fairness, integrity or public reputation of the judicial proceedings. <u>United States v. Olano</u>, 507 U.S. 725, 736 (1993).

This court recently addressed a similar post-<u>Blakely</u> constitutional challenge to a revocation of supervised release. In <u>United States v. Coleman</u>, 404 F.3d 1103, 1104 (2005) (per curiam) (<u>Coleman</u>), this court explained:

> Although the Supreme Court did hold the Sentencing Reform Act unconstitutional after appellant filed his brief, [<u>Booker</u>, 125 S. Ct. at 764-65,] the Court did not discard the guidelines wholesale. Instead, it excised from the Sentencing Reform Act only those provisions that made application of the sentencing guidelines mandatory and thus were contrary to the sixth amendment. <u>Id.</u> at 764. Among the remaining provisions of the Sentencing Reform Act that the Court recognized as constitutionally valid was the supervised release statute, 18 U.S.C. § 3583.

This court went on to observe in <u>Coleman</u>, 404 F.3d at 1104, that the *advisory* sentencing guidelines scheme established in <u>Booker</u> is indistinguishable from that which prevailed for supervised release revocations under § 3583 prior to <u>Booker</u> and <u>Blakely</u>. "In such circumstances, § 3583 leaves to the discretion of the district judge the decision to revoke a term of supervised release and impose imprisonment, provided the judge takes into account the relevant considerations set out in 18 U.S.C. § 3553(a)." <u>Coleman</u>, 404 F.3d at 1104-05 (citing 18 U.S.C. § 3583(e)(3); U.S.S.G. ch. 7, pt. A(1), A(2)(b), A(3)(a)). This court thus concluded in <u>Coleman</u>, 404 F.3d

1105, that the defendant's constitutional challenge failed. Likewise, in the present case, defendant's challenge to the constitutionality of the guidelines' supervised release provisions fails as a matter of law.

Moreover, defendant admitted that he violated the conditions of his supervised release and agreed to an applicable sentencing range consistent with the prison term the district court imposed. The district court did not abuse its discretion, much less commit an error that seriously affected the fairness, integrity, or public reputation of the judicial proceedings.

The judgment of the district court is affirmed.

_____