# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2068

_____

|  |  |  |
|---|---|---|
| United States of America, | * |  |
|  | * |  |
| Plaintiff-Appellee, | * |  |
|  | * | Appeal from the United States |
| v. | * | District Court for the |
|  | * | District of Minnesota. |
| Ricky Lee Hendershot, | * |  |
| also known as Richard Hendershot, | * |  |
|  | * |  |
| Defendant-Appellant. | * |  |

_____

Submitted: November 14, 2006
Filed: December 1, 2006

_____

Before LOKEN, Chief Judge, LAY and MELLOY, Circuit Judges.

_____

LAY, Circuit Judge.

Ricky Lee Hendershot appeals the sentence imposed in district court[1] following violations of his supervised release. We affirm.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

## BACKGROUND

On May 28, 2004, Hendershot pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  A presentence report (PSR) was prepared, which calculated Hendershot's criminal history category at VI due to his seventeen criminal history points.

At his February 14, 2005 sentencing hearing, Hendershot moved for a departure due to the overstatement of his criminal history category pursuant to United States Sentencing Guidelines § 4A1.3.  He argued that although he technically qualified as a category VI offender, most of his prior convictions were relatively minor offenses. The district court accepted his argument and reduced Hendershot's guidelines range from 30 to 37 months to 15 to 21 months, the range for a category III offender. Hendershot was sentenced to 15 months of imprisonment, to be followed by three years of supervised release.

After Hendershot's release from prison, he admitted violating the conditions of his supervised release by using methamphetamine and missing drug test appointments, Grade C violations. USSG § 7B1.1(a), p.s. (classifying supervised release violations). At the sentencing hearing on his revocation of supervised release, Hendershot argued he was entitled to be treated as a criminal history category III offender, since that category was used in his initial sentencing.  The district court disagreed, found Hendershot's criminal history category to be VI, and imposed an eight-month sentence.  This appeal followed.

## ANALYSIS

On appeal, Hendershot argues the district court erred by failing to use the same criminal history category for his revocation sentencing that it did for sentencing Hendershot on the underlying offense.  We review the district court's interpretation

and application of the sentencing guidelines de novo.  United States v. Mathis, 451 F.3d 939, 941 (8th Cir. 2006).  The ultimate sentence imposed, however, is reviewed for unreasonableness.[2] United States v. Nelson, 453 F.3d 1004, 1006 (8th Cir. 2006); United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam).

We find no error in the district court's use of criminal history category VI for Hendershot's revocation sentence.  At his original sentencing, Hendershot benefitted from a § 4A1.3 departure to criminal history category III; his true criminal history, however, remained category VI.  See USSG § 4A1.1, comment. ("The total criminal

---

[2]The government exhibits some confusion as to our standard of review on revocation sentences.  It suggests that because the revocation sentencing guidelines are advisory, we need only review the ultimate sentence for unreasonableness, without regard to any errors made in arriving at that sentence.  Our cases, however, recognize that in the wake of United States v. Booker, 543 U.S. 220 (2005), the advisory guidelines scheme for the defendant's offense of conviction now mirrors the scheme that had already been in place for violations of supervised release.  United States v. Coleman, 404 F.3d 1103, 1104-05 (8th Cir. 2005).  As such, we review challenges to both types of sentences in the same manner:  first, determining whether the district court correctly applied the guidelines under our traditional standard of review, and, if so, then considering whether the ultimate sentence is reasonable.  See United States v. Mashek, 406 F.3d 1012, 1016-17 (8th Cir. 2005).

In some instances, of course, an error in calculating the guidelines range may be harmless.  There are some indications that is the case here, for the district court indicated it had "made up [its] mind" to sentence Hendershot to eight months of imprisonment, no matter what his criminal history category. (Revocation Tr. at 11.) An eight-month sentence is within the advisory range proposed by the defendant, see USSG § 7B.14(a), p.s. (sentencing range of 5 to 11 months for Grade C violator with a criminal history category III), lending credence to the view that the alleged error had no effect on the outcome.  This, however, is not altogether clear. (See Revocation Tr. at 11-12 (agreeing to treat Henderson's case as a "test case" so that court of appeals can clarify criminal history category ambiguities, and explicitly using criminal history category VI).)  Because we find no error in determination of the sentence, we need not address whether the error would have been harmless.

history points from § 4A1.1 determine the criminal history category (I-VI) . . . .") An application note relevant to revocation sentences suggests it is permissible, but not mandatory, for a court to grant a similar departure for revocation sentencing: "Departure from the applicable range of imprisonment in the Revocation Table may be warranted when the court departed from the applicable range for reasons set forth in § 4A1.3 (Adequacy of Criminal History Category) in originally imposing the sentence that resulted in supervision." USSG § 7B1.4, comment. (n.2). We read this note to instruct sentencing courts to calculate a defendant's criminal history category as it was in the original proceeding prior to any § 4A1.3 departure that was granted; if the court then sees fit to grant a departure, that is within its discretion. Accepting the defendant's contrary interpretation would render this application note's anticipation of a criminal history category departure redundant, for the defendant's criminal history category for the revocation sentence would *already* be the departed-to category used during the original sentencing proceeding. We reject this approach. Cf. Cody v. Hillard, 304 F.3d 767, 776 (8th Cir. 2002) (noting courts ought not interpret statutes in a manner which renders sections inconsistent, meaningless, or superfluous); accord United States v. Marasas, 62 Fed. App. 727, 730 (7th Cir. 2003) (unpublished) (district court not bound to impose a § 4A1.3 departure on revocation sentence).

## CONCLUSION

For the reasons stated herein, we affirm the sentence imposed by the district court.

_____