[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-15247
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 2, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00321-CR-01-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEKYLE CHANEY,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------------------------------

**(July 2, 2007)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Nekyle Chaney appeals his 20-month sentence for violation of supervised release. We vacate and remand for resentencing.

We first address Chaney's argument that the district court -- in violation of United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled in part on other grounds, United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993)[1] -- erred in failing to elicit objections from him after imposing Chaney's sentence for revocation of supervised release. The government concedes that the district court failed to elicit objections pursuant to Jones. "[W]hen a district court fails to elicit objections after imposing a sentence, we normally vacate the sentence and remand to the district court to give the parties an opportunity to present their objections." Campbell, 473 F.3d at 1347. But a remand is unnecessary when the record on appeal is sufficient to enable review. United States v. Cruz, 946 F.2d 122, 124 n.1 (11th Cir. 1991). Therefore, we must determine whether the record in this case permits review of Chaney's remaining arguments.

The record here is sufficient to enable review of Chaney's assertion that, because the district court determined by a preponderance of the evidence that Chaney had committed forgery, he was sentenced in violation of the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), and related

---

[1] In United States v. Jones, we concluded that, "after imposing sentence, the district court should elicit fully-articulated objections to the court's findings of fact, conclusions of law, and the manner in which the sentence was imposed." United States v. Campbell, 473 F.3d 1345, 1346 (11th Cir. 2007). We have explained that Jones applies to supervised release revocation proceedings. See id. at 1347-48.

2

cases.[2]  Chaney asserts that his sentence violates the Sixth Amendment because it was based on conduct not charged in an indictment or decided by a jury.

"Typically, when a defendant fails to object to an alleged error before the district court, we review the argument only for plain error."  United States v. Johnson, 451 F.3d 1239, 1242 (11th Cir.), cert. denied, 127 S.Ct. 462 (2006).  But because the district court gave Chaney no opportunity to raise his Sixth Amendment objection, we will review this issue de novo.  See id.

Before Booker, we explained that the policy statements of Chapter 7 of the Sentencing Guidelines -- which are used in determining a sentence upon revocation of supervised release -- were only advisory.  See United States v. Brown, 224 F.3d 1237, 1242 (11th Cir. 2000) (explaining that a district court must consider, but is not bound by, the policy statements of Chapter 7 of the Sentencing Guidelines in imposing sentence upon revocation of supervised release).  In addition, "[t]he Supreme Court explained pre-Booker that, while certain Fifth Amendment due process protections apply in revocation proceedings, the Sixth Amendment right to a jury trial is not applicable."  United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005); see also 18 U.S.C. § 3583(e)(3) (a district court

---

[2]The petition to revoke Chaney's supervised release alleged that Chaney had committed several supervised release violations, including committing forgery of a work ticket.  Chaney admitted to all the alleged violations, except for the forgery allegation.

may revoke a term of supervised release after considering the specified factors set out in 18 U.S.C. § 3553(a), if the district court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ."). Although, after <u>Booker</u>, we identified "Sixth Amendment, or constitutional, error based upon sentencing enhancements in a <u>mandatory</u> guidelines system when the enhancements neither are admitted by the defendant, nor submitted to a jury and proven beyond a reasonable doubt," <u>White</u>, 416 F.3d at 1317 (emphasis added), this kind of <u>Booker</u> error does not apply to revocation hearings because the supervised release guideline provisions always have been advisory.[3] The district

---

[3]Although we have not reached this conclusion in a published opinion, several other circuits have done so. <u>See, e.g.</u>, <u>United States v. Work</u>, 409 F.3d 484, 492 (1st Cir. 2005) (explaining, post-<u>Booker</u>, that "the Sixth Amendment does not apply in revocation hearings"); <u>United States v. McNeil</u>, 415 F.3d 273, 276 (2d Cir. 2005) (concluding that "supervised release remains unaffected by <u>Booker</u>"); <u>United States v. Hinson</u>, 429 F.3d 114, 117 (5th Cir. 2005) ("[T]he concerns that led the Supreme Court to hold that mandatory sentencing guidelines violated the Sixth Amendment do not exist with regard to sentences imposed when supervised release is revoked."), <u>cert.</u> <u>denied</u>, 126 S.Ct. 1804 (2006); <u>United States v. Coleman</u>, 404 F.3d 1103, 1104-05 (8th Cir. 2005) (rejecting defendant's constitutional challenge to sentence imposed upon revocation of supervised release and explaining that "the advisory sentencing guidelines scheme that <u>Booker</u> creates is precisely what prevailed before <u>Booker</u> with respect to fixing penalties for violating the kind of release conditions that [defendant] violated . . . ."); <u>United States v. Huerta-Pimental</u>, 445 F.3d 1220, 1224-25 (9th Cir.) (rejecting defendant's argument that <u>Booker</u> applies to the district court's preponderance of the evidence finding that defendant violated the conditions of supervised release because "[i]t is clear from <u>Booker</u> that there is no Sixth Amendment . . . violation so long as the Guidelines are advisory"), <u>cert.</u> <u>denied</u>, 127 S.Ct. 545 (2006).

4

court did not violate <u>Booker</u> in sentencing Chaney for violation of his supervised release.[4]

We next address Chaney's remaining arguments that his sentence was unreasonable because the district court (1) failed to consider the sentencing factors set out at 18 U.S.C. § 3553(a) and (2) imposed a sentence greater than necessary to meet the goals of the Sentencing Reform Act. The record is not sufficient to allow for review of these claims, especially in the light of the district court's failure to elicit objections from Chaney pursuant to <u>United States v. Jones</u>, 899 F.2d 1097 (11th Cir. 1990).[5] Therefore, we vacate Chaney's sentence and remand for resentencing consistent with <u>Jones</u> and this opinion.

In sum, although we see no <u>Booker</u> error here, the record does not allow us to review the reasonableness of Chaney's sentence. And for that reason, we vacate the sentence and remand for resentencing consistent with this opinion.

VACATED AND REMANDED.

---

[4]To the extent that Chaney argues that the district court committed statutory <u>Booker</u> error, which is "error based upon sentencing under a mandatory guideline system," we reject this argument because, as discussed, the Chapter 7 Guidelines applicable to revocation of supervised release are, and always have been, advisory. <u>White</u>, 416 F.3d at 1317-18.

[5]The government acknowledges that, because the district court did not elicit objections from Chaney nor indicate that it considered the section 3553(a) factors, Chaney's sentence should be vacated and his case remanded for resentencing.