AMBRO, Circuit Judge,
concurring.
Does the deadline to issue a warrant or summons under 18 U.S.C. § 3583(i) limit the subject-matter jurisdiction of the district court to revoke supervised release after the end of the supervision period, or does it merely limit the court’s remedial power to do so? The great weight of circuit court authority supports the conclusion that the deadline is jurisdictional. Moreover, “statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction.” Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1067 (5th Cir.1984); F & S Constr. Co. v. Jensen, 337 F.2d 160, 161 (10th Cir.1964). it is thus appropriate to reverse the District Court’s order revoking Mr. Merlino’s supervised release because the September 2, 2014 petition did not satisfy the provision’s bright-line requirement that a summons or warrant issue before the end of the supervision period on September 6. In this context, I concur with the result set out in Judge Vanaskie’s opinion.
That noted, I write separately to acknowledge countervailing considerations, including recent Supreme Court cases, that raise doubt about whether Congress ■ intended § 3583(i) to be jurisdictional rather than “mandatory but nonjurisdictional.” Gonzalez v. Thaler, — U.S. -, ’ 132 S.Ct. 641, 656, 181 L.Ed.2d 619 (2012). Like jurisdictional rules, the courts have a duty to enforce a mandatory nonjurisdictional rule when it is properly invoked. Eberhart v. United States, 546 U.S. 12,17-18, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam). But unlike jurisdictional rules, nonjurisdictional rules are waived if not invoked, id., and are subject to a rebuttable presumption of equitable tolling, Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).
The jurisdictional status of § 3583© is complicated by our own inconsistency in identifying the source of a district court’s subject-matter jurisdiction to revoke supervised release even in run-of-the-mill cases where revocation occurs during the supervision period. We usually cite 18 U.S.C. § 3231, which grants “original jurisdiction ... [over] all offenses against the laws of the United States.” See, e.g., United States v. Paladino, 769 F.3d 197, 200 (3d Cir.2014); United States v. Thom *89 hill, 759 F.3d 299, 306 n. 8 (3d Cir.2014); United States v. Clark, 726 F.3d 496, 500 (3d Cir.2013); United States v. Young, 634 F.3d 233, 237 (3d Cir.2011); United States v. Doe, 617 F.3d 766, 769 n. 3 (3d Cir.2010); United States v. Dees, 467 F.3d 847, 850 (3d Cir.2006); see also United States v. Walker, 742 F.3d 614, 616 (5th Cir.2014); United States v. Griffin, 413 F.3d 806, 807 (8th Cir.2005); United States v. Jackson, 176 F.3d 1175, 1176 (9th Cir.1999) (per curiam).
In a few cases, however, we have cited both § 3231 and 18 U.S.C. § 3583(e) as the sources of subject-matter jurisdiction to revoke during the supervision period. See, e.g., United States v. Manuel, 732 F.3d 283, 290 n. 2 (3d Cir.2014); United States v. Dillon, 725 F.3d 362, 365 (3d Cir.2013); United States v. Carter, 730 F.3d 187, 190 n. 3 (3d Cir.2013). It would be strange if § 3583(e) were the source of subject-matter jurisdiction for revocations of supervised release. That provision merely says that the “court may ... revoke a term of supervised release ... if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release.” 18 U.S.C. § 3583(e)(3). This appears to “specify[] the remedial power[ ] of the court” to revoke supervised release rather than grant subject-matter jurisdiction. See Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (emphasis omitted).
Section 3231 is the more plausible source of subject-matter jurisdiction for revocations of supervised release generally. It provides a clear grant of “original jurisdiction” in criminal cases. 18 U.S.C. § 3231. That grant includes jurisdiction to impose a sentence, which can contain a period of supervised release. See, e.g., United States v. Wallace, 663 F.3d 177, 179 (3d Cir.2011); United States v. Charles, 467 F.3d 828, 830 n. 4 (3d Cir. 2006); United States v. Ricks, 5 F.3d 48, 49 (3d Cir.1993) (per curiam); United States v. Castro-Verdugo, 750 F.3d 1065, 1068 (9th Cir.2014); United States v. Rosales-Garcia, 667 F.3d 1348, 1350 (10th Cir.2012). I also read § 3231 to give a court jurisdiction to supervise a defendant on release, to ensure he satisfies the requirements of his sentence, and to revoke supervised release if he fails to do so.
Section 3231 includes no. express time limit for its grant of subject-matter jurisdiction. The District Court thus had jurisdiction to revoke Merlino’s supervised release unless some other legal rule stripped the Court of its jurisdiction.[1] As I am unaware of any other legal rule that would do so, the focus is whether § 3583(i) strips the district court .of subject-matter jurisdiction to revoke supervised release after its expiration if a summons or warrant was not issued beforehand.
Over the last two decades the Supreme Court has repeatedly admonished lower *90 courts to draw “a stricter distinction between truly jurisdictional rules, which govern a court’s adjudicatory authority, and nonjurisdictional ... rules, which do not.” Thaler, 132 S.Ct. at 648 (internal quotation marks omitted); Steel Co., 523 U.S at 90. A rule is jurisdictional if there is a “ ‘clear’ indication that Congress wanted [it] to be ‘jurisdictional.’ ” Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 131 S.Ct. 1197, 1203, 179 L.Ed.2d 159 (2011) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 515-16, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006)). It need not use “magic words.” Id. In ascertaining “clear” intent, we “look[ ] to [1] statutory language, to [2] the relevant context, and to [3] what they reveal about the purposes that a time limit is designed to serve.” Dolan v. United States, 560 U.S. 605, 610, 130 S.Ct. 2533, 177 L.Ed.2d 108 (2010). I lay out below what I perceive to be the key arguments for and against reading the deadline under § 3583(i) as a jurisdictional requirement for revocations of supervised release after the end of the supervision period.

A. Statutory Text

Several features of § 3583(i) are relevant to the inquiry. At the outset, its title, “Delayed Revocation,” gives no evidence Congress intended the provision to be jurisdictional. See Shinseki, 131 S.Ct. at 1205. And the language of the provision expressly “extends” the court’s authority rather than curtails it. A grant of authority can impliedly take something away, but it is natural to read § 3583(i) as adding power to the district court — whether it be remedial or jurisdictional — rather than subtracting it.
Next, § 3583(i) refers to the “power of the court.” This is significant evidence that Congress intended for the provision to be jurisdictional because “power of the court” is commonly associated with “jurisdiction.” See, e.g., Landgraf v. USI Film, Prods., 511 U.S. 244, 274, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (“[Jjurisdietional statutes speak to the power of the court....” (internal quotation marks omitted)); Steel Co., 523 U.S. at 89, 118 S.Ct. 1003 (“[S]ubject-matter jurisdiction [is] the courts’ statutory or constitutional power to adjudicate the case.” (emphasis in original)); United States v. Arredondo, 31 U.S. 691, 709, 6 Pet. 691, 8 L.Ed. 547 (1832) (“The power to hear and determine a cause is jurisdiction.... ”). But I note that “power of the court” also has non-jurisdictional meanings, including the remedial authority of the court. See Sioux Honey Ass’n v. Hartford Fire Ins. Co., 672 F.3d 1041, 1052 (Fed.Cir.2012) (“[A] court’s power to grant relief is not synonymous with its ability to exercise jurisdiction, as these two concepts are separate and distinct. Power does not necessarily envelop the concept of jurisdiction.”).
In the- supervised-release context, there are reasons to think that “power of the court” refers to this remedial authority rather than subject-matter jurisdiction. In administering criminal laws, courts frequently use “power of the court” in just this way. See, e.g., United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir.2005) (referring to the “power of the court to depart upward from the Guidelines range”); United States v. Turner, 389 F.3d 111, 120 (4th Cir.2004) (referring to “the power of the court to fix the maximum sentence! ]”) (quoting Binkley v. Hunter, 170 F.2d 848, 849 (10th Cir.1948)); United States v. Diaz, 245 F.3d 294, 301 (3d Cir.2001) (referring in a parenthetical to the “power of district courts [at sentencing] ... to consider circumstances not considered by the [U.S.] Sentencing Commission”); United States v. Waugh, 207 F.3d 1098, 1101 (8th Cir.2000) (referring to the “power of the Court to impose consecutive sentences”).
*91 And in other (admittedly unrelated) contexts, some statutes refer to the court’s “power” without appearing to be jurisdictional. See, e.g., 38 U.S.C. § 7253(g)(3) (“The Court shall have the power provided under [28 U.S.C. § 361] to award reimbursement for the reasonable expenses described in that section.”); 38 U.S.C. § 7265(a) (“The Court [of Appeals for Veterans Claims] shall have power to punish by fine or imprisonment such contempt of its authority as ... misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice....”); 12 U.S.C. § 1735f-14(d)(4) (“[T]he court [of appeals] shall have the power to order payment of the penalty imposed by the Secretary [of Housing and Urban Development].”); 42 U.S.C. § 3537a(c)(4)(D) (same).
And though Congress need not use magic words to confer jurisdiction, when it references the court’s “power” in provisions that appear to be jurisdictional it frequently also inserts the word “jurisdiction.” See, e.g., 50 U.S.C. § 47d(b) (“A determination made by the Attorney General under section 47b of this title shall be final and conclusive and no court shall have power or jurisdiction to review it.”); 42 U.S.C. § 2014(j) (“Any determination by the Nuclear Regulatory Commission or the Secretary of Energy, as appropriate, that such an event has, or has not, occurred shall be final and conclusive, and no other official or any court shall have power or jurisdiction to review any such determination.”); 42 U.S.C. § 2184 (“No court shall have jurisdiction or power to stay, restrain, or otherwise enjoin the use of any invention or discovery by a patent licensee, to the extent that such use is licensed by section 2183(b) or 2183(e) of this title.”); 38 U.S.C. § 7252(a) (“The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans’ Appeals.... The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.”); 32 U.S.C. § 326 (“In the National Guard not in Federal service, there are general, special, and summary courts-martial constituted like similar courts of the Army and the Air Force. They have the jurisdiction and powers, except as to punishments, and shall follow the forms and procedures, provided for those courts.”); 16 U.S.C. § 820 (“The Attorney General may ... institute proceedings in equity in the district court ... for the purpose of revoking for violation of its terms any permit or license issued hereunder.... The district courts shall have jurisdiction over all of the above-mentioned proceedings and shall have power to issue and execute, all necessary process and to make and enforce all writs, orders and decrees to compel compliance with the lawful orders and regulations of the commission.... ”). That Congress omitted “jurisdiction” from § 3583(i) may be telling.
Finally, jurisdictional terminology does not necessarily mean Congress intended that a statutory requirement implicate subject-matter jurisdiction and that it be treated as non-waivable and non-tollable. For example, 42 U.S.C. § 11046(c) says that the “district court shall have jurisdiction in actions brought ... against an owner or operator of a facility to enforce the requirement concerned and to impose any civil penalty provided for violation of that requirement.” This provision is not jurisdictional as to subject matter because it merely “specifies] the remedial powers of the court.” Steel Co., 523 U.S. at 90, 118 S.Ct. 1003 (emphasis omitted). The same could be said of § 3583(i) if it extends the remedial “power of the court to revoke a term of supervised release” (and, by implication, punish violations of release conditions).

*92
B. Context

We also look to statutory context for evidence of congressional intent. First, the Supreme Court sometimes looks to the location of a provision within a larger statute. See, e.g., Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 162, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010); Shinseki, 131 S.Ct. at 1205. Subsection 3583(i) is sandwiched in the middle of § 3583, which contains the procedural and substantive rules governing modification and revocation of supervised release. This is not where we typically find jurisdictional provisions. Shinseki, 131 S.Ct. at 1205.
Second, legislative history may also shed light on whether Congress intended to treat a provision as jurisdictional. True enough, according to an “Explanation of Provisions” included in the Congressional Record, § 3583(i) “provid[es] continued court jurisdiction to adjudicate alleged supervised release violations and revoke supervised release” after its expiration. 137 Cong. Rec. S7769 (1991). This lends modest support to a jurisdictional reading of § 3583(i). For a statement that was no doubt written by a staff person, that was published in the Congressional Record three years before the enactment of § 3583(i), and was never uttered on the Congressional floor, can hardly be strong evidence of legislative intent. Moreover, the statement was published years before the Supreme Court began demanding a stricter distinction between truly jurisdictional and non-jurisdictional rules. It is therefore hard to tell whether the staff person was referring to the court’s subject-matter jurisdiction — and intended § 3583© to be non-waivable and non-tollable — or merely its remedial authority to revoke supervised release. See Eberhart, 546 U.S. at 18, 126 S.Ct. 403 (acknowledging that in the past the- Supreme Court “more than occasionally used the term ‘jurisdictional’ to describe” inflexible but non-jurisdictional deadlines); United States v. Ceballos, 302 F.3d 679, 692 (7th Cir.2002) (“[Jjudges and legislators sometimes use the term jurisdiction to erroneously refer to a court’s authority to issue a specific type of remedy[ ] rather than to the court’s subject-matter jurisdiction.” (emphasis added)).
Finally, the Supreme Court has considered the historical treatment of similar statutory provisions. For example, 28 U.S.C. § 2107(c) allows district courts to grant a 14-day extension to file a notice of appeal. In Bowles v. Russell, the district court granted a 17-day extension, and the notice of appeal was filed 16 days later. 551 U.S. 205, 207, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). Relying on a longstanding practice of treating deadlines for filing a notice of appeal as jurisdictional, the Supreme Court held that the court of appeals lacked subject-matter jurisdiction. Id. at 209 n. 2, 127 S.Ct, 2360 (“[I]t is indisputable that time limits for filing a notice of appeal have been treated as jurisdictional in American law for. well over a century.”). Bowles relied on a theory of congressional acquiescence based on “a long line of ... decisions left undisturbed by- Congress.” See Union Pac. R.R. v. Bhd. of Locomotive Eng’rs & Trainmen Gen. Comm. of Adjustment, 558 U.S. 67, 82, 130 S.Ct. 584, 175 L.Ed.2d 428 (2009); Thaler, 132 S.Ct. at 648 n. 3; Shinseki, 131 S.Ct. at 1203.
The historical treatment of § 3583© here differs from Bowles. The Supreme Court has never cited § 3583©, let-alone spoken to its jurisdictional status. It has also never cited § 3565(c), the analogous provision for probation. And in contrast with a century’s worth of precedent in Bowles, § 3583© has existed but two decades. Thaler, 132 S.Ct. at 648 n. 3 (“Congress did not enact the indication require *93 ment [under 28 U.S.C. § 2253(c)(3) ] until 1996. There is thus no long line of this Court’s decisions left undisturbed by Congress on which to rely.” (internal quotation marks omitted)).
Myriad lower courts have referred to § 3583(i)[2] and § 3565(c)[3] as implicating jurisdiction, and none of them to my knowledge have questioned that proposition. Yet I am aware of only two published circuit court cases where the jurisdictional label expressly affected the outcome.[4] See Juarez-Velasquez, 763 F.3d 430, 433, 436 (5th Cir.2014) (expressly vacating for lack of jurisdiction a revocation order issued after expiration of supervised release and without a timely summons or warrant even though the defendant failed to raise the issue in the district court); United, States v. OrtizHemandez, 427 F.3d 567, 579-80 (9th Cir.2005) (per curiam) (same). Moreover, no circuit court case referring to § 3583(i) as jurisdictional has provided reasoning or cited Supreme Court cases that admonish a stricter use of the term “jurisdiction.” We generally don’t afford much weight to drive-by jurisdictional decisions, Arbaugh, 546 U.S. at 511, 126 S.Ct. 1235, and I believe neither does Congress.
In a capsule, Bowles’s theory of congressional acquiescence is likely inapplicable here- where there is no Supreme Court precedent interpreting § 3583® or any other similar provision; where § 3583® is only two-decades old; where so many cases have called the provision jurisdictional yet the outcome of so few cases has been affected by that label; and where not one has explained why it should be jurisdictional.

C. Statutory Purpose

The Supreme Court also looks to statutory purpose to determine whether Congress intended for a provision to be jurisdictional. Dolan, 560 U.S. at 610, 130 S.Ct. 2533. Obvious purposes of § 3583, which generally governs revocation of supervised release, include protecting society, punishing offenders, and deterring future offenders. A jurisdictional reading of the timing requirement under § 3583® would frustrate these purposes by precluding revocations for late-term violations in cases where the Government had no opportunity to obtain a timely warrant or summons. See Thaler, 132 S.Ct. at 650.
Congress likely enacted § 3583® to balance the need to revoke supervised release *94 for late-term violations with the need to protect defendants from hasty revocation hearings held at the 11th hour. See United States v. Janvier, 599 F.3d 264, 265-66 (2d Cir.2010). Treating § 3583(i) as jurisdictional — that is, non-waivable and nontollable — would serve neither objective here. Statutory purpose thus provides little evidence Congress intended the deadline in § 3583(i) to be jurisdictional.
‡ ‡ ^ ‡
Ultimately I am swayed that § 3583(i) is jurisdictional by the provision’s reference to the “power of the court,” by the legislative history (weak as it is) saying the provision grants “jurisdiction,” and by the many circuit court cases calling it jurisdictional (though without even questioning whether the label is appropriate). While I concur with the result stated by Judge Vanaskie, I find this to be a close issue and am surprised federal courts have yet to wrestle with it.

. Other legal rules not relevant here extinguish a district court’s subject-matter jurisdiction to vacate a conviction or modify a sentence. For instance, there is a "basic principle of judicial process” that a district court loses jurisdiction to vacate a conviction after the circuit court decides an appeal. Eberhart, 546 U.S. at 17, 126 S.Ct. 403. Some circuits have held that Federal Rule of Appellate Procedure 4(b) extinguishes a district court’s jurisdiction to vacate a conviction even earlier, when the deadline for filing a notice of appeal has passed. See, e.g., United States v. Sumner, 226 F.3d 1005, 1013 (9th Cir.2000). Similarly, except under limited circumstances, 18 U.S.C. § 3582(c) and Federal Rule of Criminal Procedure 35(a) strip a district court of jurisdiction to modify a sentence 14 days after sentencing. See United States v. Higgs, 504 F.3d 456, 463-64 (3d Cir.2007). None of these rules, however, indicate when a district court loses jurisdiction to revoke supervised release.

.See, e.g., United States v. Janvier, 599 F.3d 264, 264 (2d Cir.2010); Sczubelek, 402 F.3d at 180; United States v. Lominac, 144 F.3d 308, 310 n. 2 (4th Cir.1998), abrogated on other grounds by Johnson v. United States, 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000); United States v. Juarez-Velasquez, 763 F.3d 430, 436 (5th Cir.2014); United States v. Madden, 515 F.3d 601, 608 (6th Cir.2008); United States v. Vargas-Amaya, 389 F.3d 901, 907 (9th Cir.2004); United States v. Okoko, 365 F.3d 962, 964 n. 3, 967 (11th Cir.2004). The same is true of the supervised release cases that predated § 3583(i). See, e.g., United States v. Morales, 45 F.3d 693, 696, 701-702 (2d Cir. 1995); United States v. Barton, 26 F.3d 490, 491 (4th Cir. 1994); United States v. Neville, 985 F.2d 992, 994, 999 (9th Cir. 1993).

. See, e.g., United States v. Crisler, 501 F.3d 1151, 1152 (10th Cir.2007).

. Two other cases considered the absence of a timely summons or warrant even though the defendant failed to raise the issue in the district court, but this did not affect the outcome of the case because the circuit court concluded the district court did have jurisdiction for reasons not pertinent here. See United States v. Ortuno-Higareda, 450 F.3d 406, 409-411 (9th Cir.2006), vacated by 479 F.3d 1153 (9th Cir.2007); United States v. Hacker, 450 F.3d 808, 814 n. 4, 816 (8th Cir.2006).