FILED

FEB 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50275 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-01200-CBM-1 |
| v. | |
| DAVID LAZO-ROMERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted February 5, 2016
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

David Lazo-Romero (Lazo) violated the conditions of his supervised release
and was sentenced to 18 months in prison. This sentence was based in part on a
criminal-history category of V. At Lazo's original sentencing, however, the district
court determined that category IV better represented his criminal history. Lazo argues

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

that on revocation, he was entitled to be sentenced based on the same determination. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we remand for resentencing.

Lazo was convicted in 2005 of illegal reentry into the United States. The United States Probation Office prepared a Pre-Sentencing Report (PSR), in which it determined that Lazo's criminal history placed him in category V on the Sentencing Table. At sentencing, Lazo argued that his criminal-history category should be IV, for two reasons: first, because he was not actually on parole or probation when he committed the offense that led to the original sentencing proceeding, and second, because in any case a criminal-history category of V overstated his true criminal history. The district court declined to decide the first argument. Instead, it concluded that even if the government were correct that Lazo had been under a criminal sentence, Lazo had the better of the second argument. It therefore determined, under United States Sentencing Guidelines ("USSG" or "Guidelines") § 4A1.3, that Lazo deserved a criminal-history category of IV.

Lazo violated the terms of his supervised release and was returned to district court for revocation and sentencing. The district court assumed that the criminal-history category of V contained in the 2005 PSR was the criminal-history category

"applicable at the time [Lazo] originally was sentenced to a term of supervision," § 7B1.4 n.*, and sentenced Lazo to 18 months in prison.

Lazo failed to object at revocation sentencing to the use of criminal-history category V. Ordinarily, therefore, our review would be for plain error. *United States v. Joseph*, 716 F.3d 1273, 1276 (9th Cir. 2013). However, when an "'appeal presents a pure question of law and there is no prejudice to the opposing party' that resulted from a defendant's failure to object," we may apply de novo review. *Id.* n.4 (quoting *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426 (9th Cir. 2011)). Here, the sole question is the interpretation of the Guidelines, and "the government is not prejudiced by our requirement that the district court correctly calculate the Guidelines sentencing range before it imposes a sentence." *United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010).

We hold that when the original sentencing court finds under USSG § 4A1.3 that the criminal-history category proposed by the PSR is overstated without making a determination under §§ 4A1.1-4A1.2, the § 4A1.3 category is "the category applicable at the time the defendant originally was sentenced to a term of supervision." USSG § 7B1.4 n.*. This is so because the § 4A1.3 category is the *only* criminal-history category that was "determined at the time the defendant originally was sentenced." *Id.* cmt. n.1. Our holding today does not determine which criminal-history category

should be used on revocation sentencing when the original sentencing court made an initial determination under §§ 4A1.1-4A1.2 but then departed under § 4A1.3. That question remains open in this Circuit. *Cf. United States v. McKinney*, 520 F.3d 425, 430 (5th Cir. 2008); *United States v. Hendershot*, 469 F.3d 703, 705 (8th Cir. 2006).

Here, the original sentencing court expressly refused to determine a criminal-history category under §§ 4A1.1-4A1.2. The judge stated: "I'm not able to determine whether summary probation was given for some certain period of time or it ended once he finished serving the sentence. I just don't know. Can't determine from that."[1] Instead, the court held that regardless of the outcome under §§ 4A1.1-4A1.2, "[category] 5 overstates the criminal history and it should be a 4." Thus, only one criminal-history category was ever "determined at the time the defendant originally was sentenced": criminal-history category IV. *See* USSG § 7B1.4 cmt. n.1. That is therefore the criminal-history category that should have been used at revocation sentencing. *Id.* Because Lazo would in all likelihood have been released this month absent the error in sentencing, the mandate shall issue forthwith and the case is remanded to the district court for immediate resentencing.

**VACATED and REMANDED**. **MANDATE TO BE ISSUED FORTHWITH.**

---

[1]Although a district court typically must rule on any disputed portion of a presentencing report, it need not if it concludes that "the matter will not affect sentencing." Fed. R. Crim. P. 32(i)(3)(B).