# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

―――――――

No. 03-4038

―――――――

United States of America,

      Appellee,

v.

Micah E. Tyson,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*   [PUBLISHED]
\*

―――――――

Submitted:  July 22, 2004
Filed:  July 12, 2005

―――――――

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

―――――――

PER CURIAM.

Micah Tyson pled guilty to unlawful possession of a firearm as a previously convicted felon and was sentenced to five years' probation on July 9, 2003. On October 15, 2003, the government moved to revoke Tyson's probation on the ground that he had violated its terms by using cocaine, assaulting his fiancee, and failing to report as required to his probation officer. The district court[1] revoked Tyson's probation and imposed a sentence of 15 months' imprisonment and three years' supervised release.

―――――――――――――――

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Tyson's counsel has moved to withdraw and filed a brief under *Anders v. California,* 386 U.S. 738 (1967), arguing that the court erred in sentencing Tyson to a term of imprisonment that exceeded the 5-11 month sentence recommended by Chapter 7 of the United States Sentencing Guidelines. *See* USSG § 7B1.4. Prior to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), the governing statute provided that we were to determine whether a sentence imposed for revocation of supervised release was "plainly unreasonable," 18 U.S.C. § 3742(e)(4), and we reviewed a district court's decision to sentence a defendant to a longer term than suggested by Chapter 7 of the guidelines for abuse of discretion. *United States v. White Face,* 383 F.3d 733, 737 (8th Cir. 2004). In *Booker*, the Supreme Court excised § 3742(e) and directed that the courts of appeals should review sentencing decisions for "unreasonableness." 125 S. Ct. at 767. We observed in *United States v. Edwards*, 400 F.3d 591 (8th Cir. 2005) (per curiam), that the effect of *Booker* on review of revocation sentences was "far less dramatic" than on review of other sentences, because the Chapter 7 guidelines "were considered advisory even before the Court's decision in *Booker*." *Id.* at 592. Indeed, the Supreme Court cited our decision in *White Face* as an example of "judicial familiarity" with a "reasonableness" standard of review. 125 S. Ct. at 766.

Although our pre-*Booker* decision in *White Face* employed a standard of review of "abuse of discretion" in the context of a statute that called for us to determine whether a sentence was "plainly unreasonable," 383 F.3d at 737, we think it is more consistent with *Booker* to review revocation sentences after *Booker* under the "unreasonableness" standard announced in that opinion. *See Edwards*, 400 F.3d at 593. In this case, the district court considered the recommended guideline range but agreed with the government's contention that the range was not adequate to deter criminal conduct or protect the public from further crimes. Tyson's criminal history included an assault on his fiancee prior to the incident cited in the probation violation report. The court expressed concern that "someone is really going to get hurt unless this cycle changes," and concluded that "there has to be some interruption of the

relationship" between Tyson and his fiancee. The court stated its hope that Tyson, while in custody, could "begin the process of trying to sort out what it is you are angry about," and imposed a term of imprisonment of 15 months. This sentence was well within the statutory limits and grounded in legitimate concerns about Tyson's domestic violence. We therefore conclude that the sentence was not unreasonable.

Independently reviewing the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw on the condition that counsel complies with Part V of this court's Amended Criminal Justice Act Plan.

———————————————