# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3997

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Clyde E. Hedger, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 30, 2005
Filed: October 12, 2005

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Clyde Hedger appeals following the district court's[1] revocation of his supervised release and imposition of a sentence of 10 months in prison and 4 months supervised release. On appeal, Hedger argues that (1) the district court erred in revoking his supervised release based on its determination that Hedger assaulted a nursing center employee; and (2) he should have been sentenced only to his time served of 2 months. We reject these arguments and affirm.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

The testimony of the government's witnesses, which the district court was entitled to credit, amply supports the finding that Hedger violated his supervised release by assaulting a nursing home employee. *See United States v. Carothers,* 337 F.3d 1017, 1019 (8th Cir. 2003) (credibility determinations by district court during supervised release revocation hearing are virtually unreviewable on appeal). Further, both the prison term and the supervised release term were within authorized limits, and the district court considered appropriate factors in imposing the revocation sentence. *See* 18 U.S.C. § 3583(e)(3) (permitting imposition of revocation sentence after consideration of factors in 18 U.S.C. § 3553(a); authorizing up to 2 years imprisonment upon revocation of supervised release where original offense was Class C felony), (h) (authorizing new period of supervised release not to exceed maximum term of supervised release for original offense, less any prison time imposed upon revocation of supervised release). Thus, we conclude that Hedger's sentence is not unreasonable. *See United States v. Tyson*, 413 F.3d 824, 825-26 (8th Cir. 2005) (per curiam) (standard of review).

Accordingly, we affirm, and we also grant counsel's motion to withdraw.

_____