# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1134

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| John Anthony Welch, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 2, 2005
Filed: December 8, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

John Welch pleaded guilty to a firearm charge, a Class D felony, and was sentenced to 60 months in prison and 3 years supervised release. While Welch was serving his supervised release, the district court[1] revoked supervised release upon Welch's pleas of no contest and guilty to various alleged violations of his release conditions. Noting Welch's past behavior, his noncompliance with supervision, and the need for mental health treatment, as well as the need to promote respect for the law and to provide just punishment and afford deterrence, the district court sentenced

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Welch to 24 months in prison without further supervised release. Welch appeals, arguing the sentence was unreasonable because it was much higher than the range recommended under Chapter Seven of the Guidelines, and because the district court failed to consider that range and misapplied the factors in 18 U.S.C. § 3553(a).

We reject Welch's arguments and affirm his revocation sentence. The sentence was within statutory limits, and in fashioning Welch's sentence the district court explicitly considered, in open court, appropriate sentencing factors under section 3553(a). See 18 U.S.C. § 3583(e)(3) (district court must consider § 3553(a) factors when deciding whether to revoke supervised release; authorizing up to 2 years imprisonment upon revocation of supervised release where original offense is Class D felony). As for the Chapter Seven recommended range, a violation worksheet reflecting that range was available to the court, and Welch's attorney discussed the range at the revocation hearing, urging the court to impose a sentence within that range. We will not presume that the court failed to consider the range. See United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (all that is required is evidence that court has considered relevant matters and that some reason be stated for its decision; if sentencing judge references some considerations contained in § 3553(a), appellate court is ordinarily satisfied that district court was aware of entire contents of relevant statute). Finally, we find that the revocation sentence is not unreasonable. See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (standard of review; sentence within statutory range and grounded in concerns regarding defendant's past behavior was not unreasonable).

Accordingly, we affirm.

_____