# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1476

_____

United States of America,

        Appellee,

v.

Jerry Ray Puckett,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: January 5, 2006
Filed: January 20, 2006

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jerry Ray Puckett pleaded guilty in March 2002 to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (a Class C felony). See 18 U.S.C. § 924(a)(2) (10-year maximum prison term for § 922(g)); 18 U.S.C. § 3559(a)(3) (offense classification). He was sentenced to 30 months' imprisonment and 3 years' supervised release, and began serving his supervised release in June 2004. The district court[1] later revoked supervised release – upon Puckett's admission

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

that he had violated certain release conditions – and imposed a new sentence of 6 months imprisonment and 2 years supervised release. Puckett appeals.

We affirm the district court's decision to revoke Puckett's supervised release. See United States v. Edwards, 400 F.3d 591, 592 (8th Cir. 2005) (given defendant's admission that he had violated release conditions, there was no clear error in findings of fact supporting revocation and no abuse of discretion in decision to revoke). We also affirm the sentence the court imposed upon revocation. See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (standard of review). The sentence was within authorized limits. See 18 U.S.C. §§ 3583(e)(3), 3583(h), 3583 (b)(2). The hearing transcript shows that the district court considered the appropriate factors and imposed a sentence that was not unreasonable, and, in fact, was below the advisory range under the revocation guideline. See United States v. Booker, 125 S. Ct. 738, 764-66 (2005) (sentencing courts must consider 18 U.S.C. § 3553(a) factors); Tyson, 413 F.3d at 825-26.

Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____