# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 05-1472/1477

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeals from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of South Dakota.
Christopher L. Dion, also known as　*
Christopher L. Sturgeon,　　　　　 *　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　 *

_____

Submitted: May 2, 2006
Filed: May 2, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Christopher Dion previously pleaded guilty to third degree burglary, in violation of 18 U.S.C. §§ 2 and 1153(a). Later the same year he pleaded guilty to larceny, in violation of 18 U.S.C. §§ 661 and 1153(a). He was sentenced to consecutive terms of 24 months and 12 months in prison, and to concurrent terms of 3 years of supervised release, and was ordered to pay restitution. The district court[1] later revoked supervised release for both offenses upon Dion's admission that he had

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

violated the conditions of his supervised release by failing to answer truthfully all inquiries by the probation officer and by failing to follow the probation officer's instructions. The court imposed revocation sentences of 24 months and 12 months in prison, to be served consecutively. On appeal, Dion argues that the sentences are excessive and that the court abused its discretion.

The sentences are not unreasonable. See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (after United States v. Booker, 543 U.S. 220 (2005), revocation sentences are reviewed for unreasonableness). Both prison terms were within authorized limits, and the district court considered appropriate factors in imposing the revocation sentences, including not only Dion's conduct resulting in the revocation but his abusive conduct toward his jailers while he was being detained pending these proceedings. See 18 U.S.C. §§ 3553(a)(1), (2)(B)-(C), 3583(e)(3); Tyson, 413 F.3d at 825-26 (sentence within statutory range and grounded in concerns regarding defendant's past behavior was not unreasonable).

We also conclude that the court did not abuse its discretion in imposing consecutive sentences. See 18 U.S.C. § 3584(a); United States v. Controneo, 89 F.3d 510, 512-13 (8th Cir.), cert. denied, 519 U.S. 1018 (1996).

Accordingly, we affirm, and we also grant counsel's motion to withdraw.

_____