# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2322

_____

United States of America,      *
    *
       Appellee,      *
    *    Appeal from the United States
    v.      *    District Court for the
    *    Eastern District of Arkansas.
Jaye Lynette Jarrett,      *
    *     [UNPUBLISHED]
       Appellant,      *

_____

Submitted: November 20, 2006
Filed: November 30, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jaye Jarrett appeals the 15-month prison sentence that the district court[1] imposed after revoking her probation. We affirm.

For reversal Jarrett argues that her revocation sentence is unreasonable because the court failed to consider the factors listed in 18 U.S.C. § 3553(a). We disagree. Our careful review of the revocation-hearing transcript convinces us that the court considered the section 3553(a) factors, and we conclude that the revocation sentence

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

was not unreasonable.  See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (standard of review).

First, Jarrett's sentence complied with the advisory Guidelines because the district court was authorized to add 477 days of unserved community confinement and home detention to the revocation range of 4-10 months.  See U.S.S.G. § 7B1.3(d). Second, the court explicitly considered several of the section 3553(a) factors when it made reference during the hearing to the court's initial leniency in sentencing Jarrett for the underlying conduct, and to Jarrett's poor history on probation supervision, which had required the court twice to modify the probation conditions; and notably, the same district court judge presided over the initial sentencing, the modification proceedings, and the instant revocation proceeding.  See 18 U.S.C. § 3553(a)(1), (2) (requiring court to consider defendant's history and characteristics, and various purposes of sentence to be imposed); cf. United States v. Larison, 432 F.3d 921, 923 (8th Cir. 2006) (district court need not mechanically list every § 3553(a) consideration when sentencing defendant upon revocation of supervised release); United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005) (fact that same judge presided over original sentencing hearing and revocation hearing implied familiarity with defendant's history and characteristics, and district court's awareness of defendant's numerous and repeated violations of release conditions supported inference that court was aware of relevant § 3553(a) factors).

Jarrett also argues that the district court denied her the right of allocution.  This argument also fails.  At the hearing, Jarrett testified extensively in defense of the alleged probation violations, she presented defense witnesses, and she offered the court several reasons why her probation should be continued and not revoked.  See Fed. R. Crim. P. 32.1(b)(2)(E) (person at revocation hearing is entitled to opportunity to make statement and present any information in mitigation).

Accordingly, we affirm.

_____