# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3774

_____

United States of America,

    Appellee,

  v.

Jose Sandoval-Velasco,

    Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: December 7, 2006
Filed: December 20, 2006

_____

Before MURPHY, BYE and MELLOY, Circuit Judges.

_____

PER CURIAM.

  After Jose Sandoval-Velasco was sentenced to 30 months in prison and 3 years of supervised release for immigration offenses, he violated his supervised release by again illegally reentering the United States after deportation. The district court[1] revoked supervised release and imposed a new sentence of 24 months in prison, to run consecutively to the 37-month sentence imposed for the new illegal-reentry conviction. Sandoval-Velasco appeals his revocation sentence, and we affirm.

_____

  [1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

Since the revocation sentence was within the advisory guideline recommendations and the district court considered appropriate factors in imposing it, see 18 U.S.C. §§ 3553(a), 3583(e)(3), we conclude that Sandoval-Velasco's sentence is not unreasonable, see United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)); United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005) (24-month revocation sentence, where Guidelines recommended 8-14 months, was not abuse of discretion where transcript showed court was aware of defendant's multiple violations of supervised-release conditions and of Guidelines range and statutory maximum).

We also deny Sandoval-Velasco's pro se motion in which he raises matters that are not properly before us at this time, including his request for briefing on how Booker might impact his 37-month prison sentence on the new illegal-reentry offense.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____