# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2118

_____

United States of America,            *
                                              *

Plaintiff - Appellee,        *
                                              * Appeal from the United States
v.                       * District Court for the Southern
                                              * District of Iowa.

John A. Jetter,                 *
                                              * [UNPUBLISHED]

Defendant - Appellant.    *

_____

Submitted: April 9, 2007
Filed: April 17, 2007

_____

Before MURPHY, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

John Jetter appeals the 54 month sentence imposed by the district court[1] upon revocation of his supervised release. We affirm.

Jetter originally pled guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (a Class A felony). Because of his substantial assistance to the government the district court departed from a mandatory life term of imprisonment and sentenced him in February 1998 to 132 months in prison and 10 years of

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

supervised release.  See 21 U.S.C. § 841(b)(1)(A) (minimum life term if two or more prior convictions for felony drug offense); 18 U.S.C. § 3559(a)(1) (offense classification).  Jetter began serving his initial term of supervised release in July 2004.  It was revoked in December 2004, and the district court thereafter imposed a sentence of 6 months in prison and 115 months of supervised release.  He began serving that term of supervised release in June 2005, and in December 2005 he was arrested in connection with domestic abuse.  At his revocation hearing Jetter admitted violating two of the conditions of his supervised release by using drugs and possessing a device designed to subvert drug testing, and the district court found he had also committed domestic assault in violation of a third condition.  The court revoked his supervised release, and although the recommended guideline range was 5 to 11 months, the court sentenced Jetter to 54 months, the maximum sentence permitted in light of the 6 months served on his earlier revocation.  See 18 U.S.C. § 3583(e)(3) (5 year maximum revocation sentence if underlying offense was Class A felony).  Jetter argues that his sentence was unreasonable.

The sentence was within the statutory limits and was based upon the district court's consideration of Jetter's history on supervised release and other appropriate factors under 18 U.S.C. § 3553(a).  See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)).  We conclude that the 54 month revocation sentence was not unreasonable and therefore not an abuse of discretion. See United States v. Larison, 432 F.3d 921, 922-24 (8th Cir. 2006) (60 month sentence no abuse of discretion with multiple violations and 5-11 month recommendation; court must consider all relevant § 3553(a) factors but need not make specific findings on each).

Accordingly, we affirm.

_____