# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2936

———————

United States of America,　　　　　　\*
　　　　　　　　　　　　　　　　　　\*
　　　　　　　Appellee,　　　　　　　\*　Appeal from the United States
　　　　　　　　　　　　　　　　　　\*　District Court for the
　　　v.　　　　　　　　　　　　　　\*　Eastern District of Missouri.
　　　　　　　　　　　　　　　　　　\*
Randy Edward Davis,　　　　　　　　\*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　\*
　　　　　　　Appellant.　　　　　　\*

———————

Submitted: October 18, 2007
Filed:　November 5, 2007

———————

Before BYE, RILEY, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Randy Davis appeals the sentence imposed by the district court[1] upon revocation of his supervised release. For the reasons that follow, we affirm.

In August 2004, Davis commenced his 3-year term of supervised release imposed in 2001 when he pleaded guilty to a Class C felony, conspiracy to possess with intent to distribute cocaine and cocaine base. Davis was arrested in January 2006 pursuant to a federal indictment charging him with another drug conspiracy, and he

———————

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

eventually pleaded guilty to using a telephone to facilitate the commission of a drug crime, in violation of 21 U.S.C. § 843(b), and was sentenced to 48 months in prison and 1 year of supervised release on that offense. The district court also conducted Davis's revocation hearing, at which Davis admitted the violations cited in the revocation petition--that he had used a telephone in relation to a drug-trafficking crime, and had possessed cocaine--and the court imposed a revocation sentence of 24 months in prison, with 12 months to be served concurrently with to the 48-month telephone-facilitation sentence, and 12 months to be served consecutively to it. For reversal, Davis argues that his revocation sentence is too severe.

Following careful review, we conclude that the sentence imposed, which does not exceed the statutory maximum, was not unreasonable. See 18 U.S.C. § 3583(e)(3); United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (standard of review); United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (district court fashioning revocation sentence must consider relevant matters and state some reason for its decision; court adequately considered 18 U.S.C. § 3553(a) factors where it showed awareness of supervised-release violations, criminal history, suggested Chapter 7 range, and statutory maximum). Accordingly, we affirm, and we grant counsel leave to withdraw.

_____