# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

───────────

No. 07-2038

───────────

United States of America,

        Appellee,

v.

Flinten E. Otis,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

───────────

Submitted: April 7, 2008
Filed: April 11, 2008

───────────

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

───────────

PER CURIAM.

Flinten Otis appeals the sentence the district court[1] imposed after revoking his supervised release. We affirm.

We find that the revocation sentence of 24 months in prison is not unreasonable. See United States v. Tyson, 413 F.3d 824, 825-26 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220, 258-63 (2005)). First, the sentence was within both

───────────

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

statutory limits and the Chapter 7 range of 21-27 months in prison. <u>See</u> 18 U.S.C. § 3583(e)(3) (authorizing up to 2-year prison term upon revocation of supervised release where original offense is Class D felony); U.S.S.G. § 7B1.4(a) (range for Grade B violation with Category VI criminal history is 21-27 months in prison). Second, in sentencing Otis the district court considered appropriate factors, including his extensive criminal history, the likelihood he would commit further crimes, and the need to protect the public; and also stated that it was familiar with and had considered all of the 18 U.S.C. § 3553(a) factors. <u>See</u> 18 U.S.C. § 3553(a)(1), (a)(2)(B-C), (a)(4)(B), § 3583(e) (permitting imposition of revocation sentence after consideration of certain § 3553(a) factors); <u>United States v. Larison</u>, 432 F.3d 921, 923 (8th Cir. 2006) (district court need not mechanically list every § 3553(a) consideration when sentencing defendant upon revocation of supervised release; court's statement at sentencing that it imposed sentence "after having consulted the [G]uidelines" was sufficient to show that court considered applicable Guidelines and policy statements); <u>United States v. Franklin</u>, 397 F.3d 604, 606-07 (8th Cir. 2005) (all that is required is evidence that court considered relevant matters, not that court made specific findings on each § 3553(a) factor).

Accordingly, we grant counsel leave to withdraw, and we affirm. We decline to address Otis's ineffective assistance claim which is more appropriately raised in a 28 U.S.C. § 2255 proceeding. <u>See</u> <u>United States v. Hughes</u>, 330 F.3d 1068, 1069 (8th Cir. 2003) (ineffective-assistance claims should ordinarily be brought in 28 U.S.C. § 2255 proceeding because they normally involve facts outside original record).

_____