# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1025

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Gary Alan Lynch, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 7, 2008
Filed: May 9, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Gary Alan Lynch challenges the sentence the district court[1] imposed after revoking his supervised release. On appeal, he argues that the district court imposed an unreasonable sentence because it did not determine that prison was the most effective means of treatment for his substance abuse problem, and because his 12-month prison sentence is "greater than necessary" to meet the statutory goals of sentencing under 18 U.S.C. § 3553(a).

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

The district court is not required to explicitly state that prison was the most effective means of treating Lynch's medical needs. *See United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004) (district court need not mechanically list every § 3553(a) consideration when sentencing defendant upon revocation of supervised release; all that is required is evidence that court has considered relevant matters and that some reason be stated for its decision; if sentencing judge refers to some considerations contained in § 3553(a), appellate court is ordinarily satisfied that district court was aware of entire contents of relevant statute).

We conclude that Lynch's sentence is not unreasonable. *See* 18 U.S.C. § 3583(e), (h) (authorizing up to 2-year prison term upon revocation of supervised release where original offense was Class C felony; court may also order subsequent supervised release for term not to exceed term of supervised release authorized by statute for original offense minus any term of imprisonment imposed upon revocation); *United States v. Tyson*, 413 F.3d 824, 825-26 (8th Cir. 2005) (per curiam) (court reviews revocation sentences under "unreasonableness" standard announced in *United States v. Booker*, 543 U.S. 220, 258-63 (2005)).

Accordingly, we grant counsel's motion to withdraw and affirm.

_____