# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1945

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Brian Southern, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: September 17, 2008
Filed: September 23, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

In 2004, Brian Southern was sentenced to 30 months in prison and 2 years of supervised release upon his guilty plea to being a felon in possession of a firearm. After he began his supervised release he violated his release conditions, and the district court[1] revoked supervised release and sentenced him to serve 12 months and 1 day in prison, plus 1 additional year of supervised release. While Southern was serving his second term of supervised release, he violated a special condition requiring him to participate satisfactorily in the pre-release component of a community

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

corrections center program. The district court again revoked supervised release, this time sentencing him to serve 11 months in prison with no further supervised release. Southern appeals, arguing that the court abused its discretion in sentencing him.

We conclude that the revocation sentence is not unreasonable. See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (standard of review). The court sentenced Southern within the advisory range under Chapter 7 of the Guidelines, after listening to the arguments of counsel and allocution by Southern, engaging in a discussion with Southern about his repeated supervision failures, and expressly considering relevant matters under 18 U.S.C. § 3583(e) (permitting revocation of supervised release and re-imprisonment after considering specified factors in 18 U.S.C. § 3553(a)); United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005) (all that is required is evidence that court considered relevant matters, not that court made specific findings on each § 3553(a) factor).

Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____