# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2468

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Gregory A. Fields, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 7, 2008
Filed: October 9, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

The district court[1] revoked Gregory Fields's supervised release and sentenced him to 8 months in prison after finding that Fields had used a controlled substance in violation of his release conditions. The court's finding was based on test results from a sweat patch showing the presence of cocaine and/or cocaine metabolite. On appeal, Fields argues that the district court erred, because the court did not consider his efforts at drug counseling and his employment, and failed to give adequate weight to his argument that the sweat patch could have been contaminated.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

We conclude that the district court did not clearly err in finding that Fields had violated his release conditions, and did not abuse its discretion in revoking his supervised release. It is undisputed that the sweat patch tested positive, and defense counsel did not present evidence as to how the patch might have been contaminated. *See* 18 U.S.C. § 3583(e)(3) (permitting revocation of supervised release if court finds by preponderance of evidence that defendant violated condition of supervised release); *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003) (revocation based on finding of violation is reviewed for abuse of discretion; district court's finding of violation is reviewed for clear error); *see also United States v. Meyer*, 483 F.3d 865, 869 (8th Cir. 2007) (concluding that sweat patch results are generally reliable method of determining probation violation, although there may be instances where offenders offer compelling reasons to believe positive test results from sweat patches are erroneous; district court should make such determination on case-by-case basis).

We also conclude that the 8-month revocation sentence is not unreasonable as the record shows that the district court considered relevant 18 U.S.C. § 3553(a) factors in determining the sentence. *See United States v. Tyson*, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with *United States v. Booker*, 543 U.S. 220 (2005)); *United States v. Franklin*, 397 F.3d 604, 606-07 (8th Cir. 2005) (all that is required is evidence that court considered relevant matters, not that court made specific findings on each § 3553(a) factor).

Accordingly, we allow counsel to withdraw, and we affirm.

_____