# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3847

_____

United States of America,       *
                          *

       Appellee,           *

                           *   Appeal from the United States

      v.                 *   District Court for the

                           *   Western District of Missouri.

Elizabeth A. Van Buskirk,     *

                           *   [UNPUBLISHED]

       Appellant.         *

_____

Submitted: May 19, 2009
Filed: May 22 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Elizabeth Van Buskirk appeals the sentence the district court[1] imposed upon revoking her supervised release. Counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence was unreasonable.

We denied counsel's motion and requested briefs addressing whether the district court committed reversible procedural error by failing to calculate or consider

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

the Chapter 7 advisory Guidelines range. After reviewing the briefs, we conclude that there was no procedural error. Although the court did not specifically refer to the Chapter 7 advisory Guidelines range at the sentencing hearing, the record as a whole reflects that the court was aware of the range: the violation worksheet was available to the court and counsel, both the government and defense counsel requested that Van Buskirk be sentenced at the low end of the advisory Guidelines range, and the court conferred with the probation officer immediately prior to imposing the sentence. The record also reflects that, recognizing the advisory Guidelines range, the court chose to sentence Van Buskirk above the range after considering that she had repeatedly violated the conditions of her supervised release, that she was a methamphetamine addict and manufacturer, that she had originally received a significant sentence reduction, and that she was a bad influence on her son. See 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)-(C) (sentencing factors).

Finally, we conclude that Van Buskirk's sentence is not unreasonable, see United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam), because it was within the statutory maximum, see 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); 18 U.S.C. §§ 3559(a)(1), 3583(e)(3), and it resulted from the court's consideration of proper sentencing factors, see 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)-(C).

Accordingly, we affirm the district court's judgment.
_____