# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2208

_____

United States of America,                   *
                                             *
              Appellee,                      *
                                             *   Appeal from the United States
      v.                                     *   District Court for the
                                             *   Western District of Missouri
Rickey J. Sanders,                           *
                                             *   [UNPUBLISHED]
              Appellant.                     *


_____

Submitted: June 3, 2009
Filed: June 5, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

      In 2006, Rickey Sanders was sentenced to 24 months in prison and 3 years of
supervised release upon his guilty plea to being a felon in possession of a firearm.
While serving his term of supervised release, Sanders violated a special release
condition requiring him to submit to searches by his probation officer. The district
court[1] revoked supervised release and sentenced him to serve 24 months in prison,

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western
District of Missouri.

plus 1 additional year of supervised release. Sanders appeals, arguing his sentence is unreasonable.

We conclude that the sentence is not unreasonable. See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)). First, the court sentenced Sanders within statutory limits. See 18 U.S.C. § 3583(b)(2) (authorized term of supervised release for Class C felony is 3 years), (e)(3) (upon revocation, maximum time defendant may be required to serve in prison is 2 years if offense that resulted in term of supervised release is Class C or D felony), (h) (revocation sentence may include imprisonment and additional supervised release; however, additional supervised release term may not exceed supervised release term authorized by statute for offense resulting in original supervised release, less any revocation prison term). Second, the district court considered relevant factors under 18 U.S.C. § 3553(a), including Sanders's history of supervision and the nature of the violation. See 18 U.S.C. § 3583(e); United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005) (court need only consider relevant matters, and need not make specific findings on each § 3553(a) factor).

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____