# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1495

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Orlando Harris, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 26, 2009
Filed: July 8, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

In 2006, Orlando Harris was sentenced to 12 months and 1 day in prison and 5 years of supervised release for bank fraud, a Class B felony. The district court[1] subsequently revoked his supervised release and sentenced him to additional imprisonment and supervised release. While Harris was serving his second term of supervised release, he violated conditions requiring him to file monthly reports with the probation officer, maintain lawful employment, timely notify the probation officer of changes in employment and residence, participate in substance-abuse counseling

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

and testing, and make restitution payments. The district court again revoked supervised release, this time sentencing Harris to 10 months in prison and 36 months of supervised release. Harris appeals, arguing that his violations were not egregious enough to warrant his sentence, and that his sentence is therefore unreasonable and greater than necessary to accomplish statutory sentencing goals.

We conclude that the revocation sentence is not unreasonable. *See United States v. Tyson*, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (standard of review). First, the court sentenced Harris within the statutory limits. *See* 18 U.S.C. § 3583(b)(1) (authorized maximum term of supervised release for Class B felony is 5 years), (e)(3) (upon revocation, maximum time defendant may be required to serve in prison is 3 years if offense that resulted in term of supervised release is Class B felony), (h) (revocation sentence may include additional supervised release term not exceeding term of supervised release authorized by statute for offense that resulted in original supervised release, less any prison term imposed upon revocation). Second, the court sentenced him within the advisory Guidelines range, after listening to the arguments of counsel, reviewing Harris's supervision experiences, and expressly considering relevant matters under 18 U.S.C. § 3583(e)(3) (permitting revocation of supervised release and re-imprisonment, after consideration of specified factors in 18 U.S.C. § 3553(a)). *See United States v. Franklin*, 397 F.3d 604, 606-07 (8th Cir. 2005) (all that is required is evidence that court considered relevant matters, not that court made specific findings on each § 3553(a) factor).

Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw.

_____