# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2845

_____

United States of America,

          Appellee,

    v.

Michelle A. Green,

          Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: October 1, 2009
Filed: October 8, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Michelle Green appeals the sentence the district court[1] imposed upon revoking her supervised release, arguing that the court did not properly consider the 18 U.S.C. § 3553(a) sentencing factors, and abused its discretion, in imposing the sentence. Upon careful review we conclude that, to the contrary, the court carefully and expressly considered multiple relevant section 3553(a) factors, including Green's repeated prior violations of supervised release, the high risk that she would commit new felonious conduct, the prior sentencing leniency that she had received, and the

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

need for the type of strict supervision that could be provided in prison.  <u>Cf.</u> <u>United States v. Larison</u>, 432 F.3d 921, 923 (8th Cir. 2006) (court is not required to list every § 3553(a) factor when sentencing defendant; record must show that court considered relevant matters and stated reason for its decision).  Further, the revocation sentence is within the statutory limits of 18 U.S.C. § 3583(e)(3).  Accordingly, we cannot say that the sentence is unreasonable.  <u>See</u> <u>id.</u> at 922, 924 (no error in imposing 60-month sentence that exceeded Guidelines recommended range of 5-11 months, where sentence was within statutory maximum, court expressed grave concern over defendant's numerous and repeated violations of supervised release and inability to complete drug treatment programs, and defendant persisted in criminal conduct despite many chances afforded by probation office); <u>United States v. Tyson</u>, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (standard of review).

     Accordingly, we affirm.

_____