# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2592

_____

United States of America,        *
                                  *

        Appellee,          *

                                *   Appeal from the United States

        v.                   *   District Court for the Western

                                *   District of Arkansas.

Reginald Nalls,              *

                                *   [UNPUBLISHED]

        Appellant.        *

_____

Submitted: October 25, 2011
Filed: October 27, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.


In this direct criminal appeal, Reginald Nalls challenges the district court's[1] revocation of his supervised release and the court's imposition of a one-year prison term as his revocation sentence. Upon careful review, we first conclude that the district court did not clearly err in finding that Nalls had violated his supervised-release conditions, and the court did not abuse its discretion in revoking Nalls's supervised release. See United States v. Carothers, 337 F.3d 1017, 1019 (8th

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

Cir. 2003) (revocation based on finding of violation is reviewed for abuse of discretion; district court's finding of violation is reviewed for clear error). We further conclude that the district court did not impose an unreasonable revocation sentence by sentencing him to a prison term within the statutory maximum. <u>See</u> 18 U.S.C. § 3583(e)(3) (maximum term of imprisonment upon revocation of supervised release is 1 year for Class E felony); <u>United States v. Tyson</u>, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences reviewed for unreasonableness in accordance with <u>United States v. Booker</u>, 543 U.S. 220 (2005)); <u>see also</u> <u>United States v. Perkins</u>, 526 F.3d 1107, 1110 (8th Cir. 2008) (district court need not make specific findings on 18 U.S.C. § 3553(a) factors; all that is generally required to satisfy appellate court is evidence that court was aware of relevant factors).

Accordingly, we affirm the judgment of the district court. We also grant counsel's motion to withdraw.

_____